BRIDGET CLEARY, Appellant, v. BROOKLYN BUS CORPORATION, Respondent.— Appeal from a judgment entered upon a dismissal of the complaint during the course of the trial on the ground that, although plaintiff claims a release, general in its terms, which she signed, was obtained from her by fraud, she failed to return or tender back the consideration allegedly received for said release. From the pleadings and the testimony taken before the complaint was dismissed, it appears that plaintiff sues to recover damages alleged to have been caused by defendant's negligence and without any negligence on her part. As a defense, defendant pleads the general release. In her reply, plaintiff avers that she made a settlement with defendant for certain injuries, minor in nature, for forty dollars, she and defendant's representative mistakenly believing that she had suffered said minor injuries only, when, in fact, she received other and serious injuries for which she seeks to recover in this action; that she did not read the alleged general release and that it was obtained from her by defendant upon the false representation, which she believed, that it was a statement of facts of the accident in which she was injured. It will be assumed that plaintiff had not returned or tendered a return of the forty dollars. It was on that basis that the complaint was dismissed. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Taylor and Close, JJ., concur with the following memorandum: It appears that plaintiff made a compromise for forty dollars, intended by her and the respresentative of defendant as a settlement for minor injuries only; that she and defendant were mistaken in believing that those were

the only injuries; and that she now claims the right to recover for her additional serious injuries. Under such circumstances, she is entitled to recover for those additional injuries. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182.) It was not necessary for her to return the forty dollars received in settlement of the minor injuries, for it was agreed upon as her compensation for that portion of her injuries for which she no longer seeks to recover. (*Farrington* v. *Harlem Savings Bank*, 280 N. Y. 1; *Bliss* v. *N. Y. C. & H. R. R. R. Co.*, 160 Mass. 447; 36 N. E. 65, cited by Lurton, C. J., in *Lumley* v. *Wabash R. Co.*, 76 Fed. 66, 72.) Plaintiff does not admit that she signed a release. She claims that it was obtained from her at the time of the settlement for her known injuries upon the fraudulent representation that it was a statement made by her of the facts of the accident. Upon proof thereof, the release would not be a defense. (*Farrington* v. *Harlem Savings Bank*, *supra*.) If, however, plaintiff intended to deliver a release, but by the parties it was deemed to be limited to a portion only of her injuries for which she seeks no further recovery in the action, rescission is unnecessary and she may not be required to tender back the money received before she could prosecute this action. (*Gilbert* v. *Rothschild*, 280 N. Y. 66, 71.) There should be a trial upon which all the facts may be presented. Hagarty and Adel, JJ., concur in result, with the following memorandum: Plaintiff alleges that she sustained injuries as the result of the negligence of defendant's driver in suddenly stopping its motor bus in which she was a passenger. The answer pleads a general release, to which plaintiff replies that she was induced to execute it by a fraudulent representation that it was her statement of the accident and that at the time she signed the paper both parties mistakenly believed that the only injuries sustained were minor bruises and contusions. On the trial, when plaintiff urged that no tender of the payment by defendant was necessary, the trial court, on motion of defendant, struck out the reply and dismissed the complaint. Plaintiff pleaded and should have been afforded an opportunity to prove fraud *in factum* by reason of the execution of a release on the representation by defendant that the instrument was of a different nature. If this allegation be true, the release was void and no tender was necessary. (*Farrington* v. *Harlem Savings Bank*, 280 N. Y. 1.) This is the sole issue presented by the reply. If plaintiff was not misled as to the nature of the release, then its effect is general, as it states. In the absence of fraud, deceit or misrepresentation on the part of defendant, lack of knowledge by plaintiff of the true extent of her injuries, despite which she executed and delivered the general release and received compensation therefor, is insufficient to avoid it. (*Rector, etc., St. James Church* v. *City of New York*, 261 App. Div. 614, 617, and authorities cited.)