STEVE BURTON, an Infant, by PAUL J. BURTON, His Guardian ad Litem, Respondent, *v.* NIAGARA MOHAWK POWER CORPORATION, Successor by Merger to the NEW YORK POWER AND LIGHT CORPORATION, Appellant.

Third Department, June 13, 1952.

*Neile F. Towner, Julian B. Erway* and *Albert J. Danaher* for appellant.

*Carter & Conboy* for respondent.

*Per Curiam.* Plaintiff is an infant and maintains the action, commenced in 1950, for $200,000 for damages against the defendant utility corporation for a fall in 1939 in a hole created by the defendant's corporate predecessor in Broadway, Albany.

The complaint pleads two causes of action, the first to rescind a release executed on the plaintiff's behalf in 1939 which settled the claim for $25 on the ground of mutual mistake of fact by the parties as to the gravity of his injury; and the second cause

of action for the recovery of damages for the injury in 1939.

The court at Special Term has denied defendant's motion to try these issues separately. We think they should be tried separately and that as a general policy the issue of the effectiveness of a release ought to be disposed of favorably to the party who attacks the release before he proceeds to trial as though there had been no release.

It is true that to some extent the gravity of plaintiff's injury would be considered in both causes of action, but in one cause of action the nature of the injury would be considered merely as an incident to the mistake of both parties about it and in the other the full details of the injury would be developed for the evaluation of the jury if it decided the plaintiff should recover.

We think it would be a difficult task, even with careful judicial supervision, to keep the jury's attention focused on the first issue if the second issue of damages were fully developed on the same trial and there would be a tendency by a jury to submerge the issue of the release in passing on the general question of negligence and damage.

The principal issue on the first cause of action will be largely one of law, whether, without fraud or overreaching being shown, the misunderstanding a plaintiff has of the nature of his injury is also shared by the other party so as to constitute a " mutual mistake of fact ".

The release is a defense unless a court sets it aside and we see no undue hardship in plaintiff's meeting that question first. Almost eleven years have passed between the release and the institution of this action in 1950 and no explanation for a failure to disavow the release earlier is given in the pleading or the plaintiff's affidavit.

The order should be reversed and the motion granted, without costs.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur; HEFFERNAN, J., dissents in the following memorandum: I dissent and vote to affirm. We are dealing here with a discretionary order. In my opinion the learned Justice at Special Term very properly denied defendant's application to require this infant to separately litigate the issues involved in this action. Obviously the nature and extent of plaintiff's injuries will be the principal question to be inquired into and passed upon in each cause of action. The infant should not be compelled to undergo the trouble and expense of two trials when all the matters involved can be readily disposed of in a single

suit. In the exercise of a sound judicial discretion we should not, merely because we have the power, vacate the order under review.

Order reversed, on the law and the facts, and motion granted, without costs.