ANNA KROPP et al., Plaintiffs, *v.* DIAMOND K MARKETS, INC., Defendant.

Supreme Court, Special Term, Westchester County, May 4, 1955.

*Adolf F. Grossman* for plaintiffs.

*Howard Schrecke* for defendant.

DOSCHER, J. This was a trial of the special issue of the separate defense of release.

Plaintiffs originally sued in the City Court of Yonkers for injuries they believed that Mrs. Kropp sustained as a result of defendant's negligence, and for Mr. Kropp's loss of services. Their information as to Mrs. Kropp's injuries came from a duly licensed physician who examined and treated her.

This physician's diagnosis was that Mrs. Kropp had sustained some contusions of the left thigh and some trouble with her left knee which he believed was traumatic arthritis. The physician did not consider either condition serious and made only four visits, including the one on the day of the accident. His bill totalled $20.

Based upon the information supplied to them and their attorney, plaintiffs started the action in the City Court. In the course of that proceeding, defendant caused Mrs. Kropp to be examined by a physician of its own selection. Neither his report nor his testimony is before the court. During the pendency of the City Court action, it was settled for $500, and discontinued.

After the City Court action was settled and discontinued, Mrs. Kropp, still in pain, consulted a new physician, Dr. Zarrow. Then, for the first time, X rays were taken and revealed that, as a result of the accident, Mrs. Kropp had sustained a fracture of the left femoral neck. The action in the Supreme Court was then commenced. It was the plaintiffs' apparent intention to recover for the injury of a severe and permanent nature to the femoral neck.

Where a release is executed without any intention to release liability for unknown injuries, such release will not bar an action

for such unknown injuries (*Le Francois* v. *Hobart College*, 31 N. Y. S. 2d 200, affd. 262 App. Div. 802, affd. 287 N. Y. 638). In this case, the entire situation points to the fact that the injury to the femoral neck was unknown to both plaintiffs and defendant. The report of plaintiffs' original physician, the paucity of the doctor's bill, the claims made in the City Court action, and the lack of X rays by either plaintiffs' or defendant's physician, all point to that conclusion. To find that there was not mutuality in overlooking and not contemplating the fracture of the femoral neck would necessitate branding the defendant with overreaching. Unless evidence to the contrary is produced, this court should not, and will not, hold that a defendant, or an attorney, took unfair advantage of an opponent.

In order that there be no question of implementing plaintiffs' apparent intention, they will be required to stipulate to limit their claims for damages to the fracture sustained by Mrs. Kropp and the loss of services and consortium proximately resulting therefrom. Upon such stipulation, the affirmative defense of release will be stricken.

Settle order on notice.