Louis L. Friedman, J.
In this negligence action brought by the plaintiffs to recover for personal injuries and loss of services, defendants move to dismiss the complaint pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice, on the ground that the causes of action set forth in said complaint have been released.
The facts are that on April 24, 1956, at about 4 o ’clock in the afternoon the plaintiff wife was a passenger in her husband’s motor vehicle when it was struck in the rear by another vehicle, as a result of the claimed negligence of the defendants. By reason thereof plaintiff wife was injured, and was thereafter treated for said injuries at the Brooklyn Hospital. The papers before the court show that she was first seen in their clinic three days later, complaining of low back pain. X rays taken of the lumbosacral spine were negative for fracture. She was home for almost a month, and then returned to the Brooklyn Hospital on June 5,1956, remaining there until June 7. Plaintiff contends that the miscarriage for which she was treated at the hospital on this last occasion was a result of the accident.
*247 On May 3, 1956, following the plaintiff’s first Brooklyn Hospital visit, and only nine days after the accident, plaintiffs executed a release to the defendants. The consideration recited therein is $200 and a draft in payment of that amount, a photostat of which is attached to the papers before the court, shows that the husband’s settlement was for $75 while the wife received the amount of $125.
It is by reason of this release that defendants now ask that plaintiffs’ complaint be dismissed.
In opposition, plaintiffs contend that the release was signed by virtue of mistake and misrepresentation as to what it actually was, that the two plaintiffs are 11 uneducated, ’ ’ that statements were made to them by defendants’ investigator or adjuster to the effect that the plaintiffs ‘ ‘ might get into some difficulty as a result of the fact that their automobile was not insured, ’ ’ and that a suggestion was made the day after the accident when the investigator called, that all parties meet a few days later at the Brooklyn Hospital “ in order to determine whether or not what Inez Parker told the investigator about the seriousness of her injuries was true or not.” It is further stated that the investigator and the plaintiffs did meet al the Brooklyn Hospital several days later and that the plaintiffs were told that the investigator had discussed the X rays with the nurse at the hospital, and had been advised ‘ ‘ that nothing was wrong with Mrs. Parker.” Plaintiffs contend that without permitting them to leave the waiting room of the hospital or to read the documents, they were persuaded to sign them, being told at that time that it was merely a receipt for the moneys they were getting and without ever telling them or permitting them to ascertain that they were in fact signing a release. Plaintiffs contend that they were not even permitted to take the paper home to have it notarized, but instead Avere escorted across the hospital floor to someone who was apparently a notary and who took their signatures.
Plaintiffs contend that plaintiff Atúfe was seriously injured, that she did not know the extent of her injuries when she signed what now has turned out to be a release and that they should not be barred from their day in court by reason of having signed the document under the circumstances which have been here set forth. They contend that overreaching took place, that the investigator who saw them the day after the accident gave them a card upon which Avas Avritten the words “ Justice of Peace,” that they were rushed into signing papers without an opportunity to secure counsel or otherwise ascertain what their rights were or the extent of the plaintiff’s injuries, and that *248 it is evident from the hospital records showing that plaintiff suffered from a miscarriage by reason of the accident which later on required a dilatation and curettage, that the payment of $200 in this apparent liability case, for the personal injuries sustained by the plaintiff wife, the loss of services and expenses, and the damages to plaintiff husband’s automobile, is grossly inadequate.
The court must not hesitate to protect the rights of parties, when it is evident that there has either been a mistake, or that overreaching has taken place. Plaintiffs certainly could not have been aware on May 3, 1956, when the release was signed, of the severity of the injuries sustained. It was not until a month later that Mrs. Parker was first admitted to the hospital and even though the release itself contains in small printing the words ‘ ‘ that it shall apply to all unknown injuries and damages resulting from said accident, casualty or event as well as to those now known,” plaintiff still has a right to recover for additional injuries as she may become aware of at a later time. (Frehe v. Schildwachter, 289 N. Y. 250; see, also, Tropp v. Safeguard Service Corp., 263 App. Div. 306; Cleary v. Brooklyn Bus Corp., 262 App. Div. 896.)
While the complaint of the plaintiffs is inartistically drawn, and probably would have better presented plaintiffs’ claims if it had recited the release and the fact that it was given for known injuries and that the suit is being brought to recover for unknown injuries under the theory of the cases previously cited, there is still sufficient before the court to justify a denial of the present motion on the present papers. In addition, plaintiffs may always apply to the court to amend their complaint. The court is convinced that had plaintiffs known the extent of the injuries suffered herein, that there would have been no settlement for a total of $200 to cover all the claims made by plaintiffs.
Where overreaching has taken place, the court is not bound by the results of such conduct (Kropp v. Diamond K. Markets, 207 Misc. 1030; Barry v. Lewis, 259 App. Div. 496, motion for leave to appeal denied 259 App. Div. 1072; Burton v. Niagara Mohawk Power Corp., 280 App. Div. 356; Lockrow v. Church of Holy Family, 5 A D 2d 959; Brown v. Manshul Realty Corp., 271 App. Div. 222; Le Francois v. Hobart Coll., 262 App. Div. 802).
The motion to dismiss is in all respects denied. Submit order.