Marshall E. Livingston, J.
There were two motions in these cases. The first motion, to increase the ad damnum clauses and to transfer Actions Nos. 1 and 2 to Supreme Court, Monroe County was granted.
The second motion, .however, seeks to remove Action No. 3 from New York County, where it is pending in Supreme Court, and direct that it be tried together with Actions Nos. 1 and 2 in Supreme Court, Monroe County.
Actions Nos. 1 and 2 arise out of injuries sustained by the infant plaintiff on August 15, 1965, when she fell on a common stairway in premises owned by defendant.
Action No. 3 has been brought in New York County by the liability insurance carrier against its assured, Janis Mednis, *343 and the plaintiffs in Aotions Nos. 1 'and 2 have been joined as defendants in this suit. Action No. 3 asks for a declaratory judgment that .the defendant Medals failed to notify the plaintiff liability -carrier of the accident of August 15, 1965 until after the cases had been sued on March 16,1966 'and thereby breached the policy iso that there is no coverage under it.
The plaintiff insurance company, .opposing the motion, urges prejudice against it if Action No. 3 is tried with Actions Nos. 1 and 2, and cites May v. TIeiney (26 Mise 2d 61) as authority for denying the relief.
CPLR 602 (-subd. [a]) provides as follows: ‘ ‘ When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. ’ ’
Therefore, it seems to me that, quite independent of the question of prejudice, CPLR 602 (.subd. [a]) dictates against such a joinder for trial because these actions do not involve “ a common question of law -or fact ”. It is -only when such common questions are involved that the court may order a joint trial.
The facts of the accident, the damages sustained and the condition of the stairway, certainly have nothing in common with the circumstances as to whether or not timely notice was brought home to the plaintiff insurance company of the accident which is alleged to have occurred on the premises -of the insured.
The motion is denied, without costs.