Carrollton A. Roberts, J.
Plaintiff, Vincent A. Polmanteer, commenced an action for damages against defendant Alva R. Polmanteer and Ronald L. Beilis in negligence for alleged damages arising out of an automobile collision. As an affirmative defense to this complaint, defendant Polmanteer alleged that plaintiff through a representative, had previously settled and released any claim arising out of the subject accident against defendant Alva R. Polmanteer. This action is at issue and *372 has been noticed for trial at the June, 1969 Term of the Supreme Court in and for Livingston County. Thereafter, on or about the 26th day of February, 1969, an action was commenced in the Supreme Court in and for Monroe County, by plaintiff, Vincent A. Polmanteer, against Alva R. Polmanteer and the Nationwide Mutual Insurance' Company for the purpose of determining the validity of the alleged release. Issue has not been joined in the second action. Defendants Nationwide Mutual Insurance Company and Alva R. Polmanteer have moved to dismiss the complaint in the second action on the ground that the previously commenced action in Livingston County is another action pending between the same parties for the same relief. Plaintiff cross-moved in opposition for an order consolidating both actions.
Turning first to the cross motion to consolidate, it is clear that where a question is raised as to the validity of a release or covenant not to sue in a negligence action, it is improper to join the adjudication of that claim with the primary claim for damages in negligence, both on the ground that the question of the validity of the release is not a common question of law or fact with the question of negligence and also by reason of the obvious prejudice to the insurance carrier in having to appear before the jury which will decide the negligence question during the litigation of the release question. (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 603.11; Burton v. Niagara Mohawk Power Corp., 280 App. Div. 356; Kelly v. Yannotti, 4 N Y 2d 603; Bogucki v. Mednis, 54 Misc 2d 342; May v. Heiney, 26 Misc 2d 61; CPLR 602, subd. [a].)
The primary motion to dismiss by reason of another action pending is also defective insofar as Nationwide Mutual Insurance Company eoncededly is not a party to the first action and also the parties do not controvert the fact that there has been difficulty in the first action in obtaining pretrial disclosure by way of oral depositions from Nationwide.- Moreover, there is the possibility that any judgment in the first action regarding the validity of the release would subject Nationwide to prejudice insofar as the Same jury would then decide the question of liability. For these reasons, the court is constrained to deny the motion to dismiss as presently made.
This court realizes that to now permit the separately commenced actions to run their course would subject the parties to the likelihood of an adjudication on the merits with regard to negligence in the Livingston County action long before the Monroe County action raising the question as to . the validity of the release is reached for trial. Therefore, in the interest *373 of justice and to expedite the speedy disposition of the instant litigation this court hereby orders the first affirmative defense raised by defendants in the first action severed for separate trial in Livingston County. Ordinarily, of course, the application for separate trial would be made to the Trial Judge but since the parties have raised the question before the undersigned, this court will make the disposition as aforesaid rather than leave the matter in abeyance pending later application at trial. (CPLR 603; 1001, subd. [a]; Fleming v. Ponziani, 24 N Y 2d 105, 108.) “ Defendants * * * in answer to Fleming’s complaint, asserted, as an affirmative defense, the general release which Fleming signed while he was a patient in the hospital. The validity of the release was directed to be tried separately from the issue of negligence ”. (Italics supplied.) (Burton v. Niagara Mohawk Power Corp., supra; Inland Credit Corp. v. Puro, 27 A D 2d 657.) “ A counterclaim will be severed where the issues presented are unrelated to the main suit and substantial rights will be prejudiced and confusion arise if all the issues are tried together ”. Certainly, insofar as the defendant and Nationwide have a privity of interest regarding the validity of the release, any judgment against defendant will also bind Nationwide. Moreover, it seems to this court that Nationwide can move to intervene in the Livingston County action solely for the purpose of appearing on the preliminary trial of the release question in the event it feels its interests will not otherwise be adequately protected. In such case, Nationwide would, of course, be stricken from the caption as a party defendant prior to the trial of the negligence case.
It is further ordered that the question of the validity of the release or covenant not to sue as raised by the first affirmative defense be tried prior to the trial of the primary action in negligence and by separate jury. In the event any of the parties to the claim regarding the release find it necessary to have additional pretrial disclosure they are hereby given leave to commence whatever disclosure or discovery procedures they deem necessary within 30 days after the entry of the order to be submitted pursuant hereto. This direction is in no way intended to reopen the matters finally decided by Justice Blauvelt’s prior order in this matter. (George W. Collins, Inc. v. Olsker-McLain Inds., 22 A D 2d 485; Mount Sinai Hosp. v. Davis, 8 A D 2d 361.)
The order shall also contain a paragraph dismissing the complaint in the second action conditioned upon the implementation of the severance and joinder as aforesaid.