Marshall E. Livingston, J.
This is a motion to dismiss a complaint in a negligence action. Defendant asserts that, as a matter of law, based on the testimony of the plaintiff at an examination before trial, he has a full and complete defense to the claim by release given by the plaintiff, which is pleaded as an affirmative .defense in the answer.
The motion is denied, without costs.
The accident occurred July 25, 1968, and the plaintiff was hospitalized until about July 30. Two days later, on August 1, 1968, the defendant’s insurance adjuster appeared at the plaintiff’s home and procured an “agreement and release
*589 ■Section 480 of the Judiciary Law provides in substance that it is unlawful for any person to enter a hospital to obtain a release within 15 days after an injury is sustained by the patient therein. Clearly there was no violation per se of the section, and I do not base my decision on the conduct of the adjuster calling upon the plaintiff two days after she returned home from the hospital.
The Court of Appeals in Bloodgood v. Lynch (293 N. Y. 308, 311) said: “ The purpose of section 270-b [now Judiciary Law, § 480] is to prevent the negotiating of settlements or the obtaining of general releases or statements with reference to personal injuries sustained by a patient in connection with a personal injury action or claim until a decent interval has elapsed.”
In that context I note that ‘ ‘ a decent interval ’ ’ had not elapsed in this case. Note that until the Legislature amends section 480 of the Judiciary Law to include the period of 15 days from the accident and not limit it to hospitals, these visits to prospective claimants will no doubt continue. Dicta this may be, but under these facts, I feel I should call attention to this not unusual practice.
The agreement executed by the plaintiff and Nationwide Mutual Insurance Company (Nationwide) on August 1, 1968, first recited as consideration the payment of $50 and the promise of payment by Nationwide of benefits in accordance with the following schedule: ‘ ‘ All reasonable expenses for medical, dental or surgical treatment, ambulance, hospital, professional nursing and prosthetic devices incurred within one year following the accident and caused by it not to exceed in total for any one person $2,000.”
The agreement then released the defendant for all damages resulting to plaintiff from the accident, and the release then read: “It is further agreed that said consideration of payment and promise of payment includes any medical payments benefits afforded by the Insurance Company accepting this Agreement.”
It appears that the defendant had $1,000 medical payments coverage on the car involved in the accident and that Nationwide paid about $500 to the plaintiff for certain medical expenses, but declined to pay others within the one-year period from the date of the accident, claiming they were not causally related.
Laying aside the question of whether or not the plaintiff was entitled to payments up to $2,000 within the year, despite the fact that defendant’s medical payments coverage was $1,000, *590 a release, in order to be effective, requires good consideration. Under Nationwide’s policy covering the defendant, it was obligated to pay up to $1,000 in medical payments incurred as the result of the accident to the plaintiff. Thus the recitation in the release of such payments which it was obligated to make affords no consideration, at least to the extent of the $500 which it did pay (see 49 N. Y. Jur., Release and Discharge, § 13).
This question is one which cannot' be decided here, tior can the alleged failure of Nationwide to make payments in accordance with the agreement be determined, even if the release be upheld. These matters and others in relation to the validity of the release present issues which must be resolved. Thus defendant’s motion to dismiss the complaint has been denied.
The affirmative defense of release in the answer should not' be determined in the main suit. It should be tried separately before the personal injury action is tried. I, therefore, direct that the question of the validity of the release be tried by a separate jury prior to the trial of the primary action in negligence (Polmanteer v. Nationwide Mut. Ins. Co., 60 Misc 2d 371).