■ DUNKIN' DONUTS OF AMERICA, INC., Appellant, v ROBERT ROVEGNO et al., Respondents. (Matter No. 1.) DUNKIN' DONUTS OF NEW YORK, INC., Appellant, v ROBERT ROVEGNO et al., Respondents. (Matter No. 2.) — In a consolidated action and proceeding to terminate a franchise agreement and recover sums due thereunder, and to recover possession of certain premises for nonpayment of rent, plaintiff Dunkin' Donuts of America, Inc., appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Rosenblatt, J.), dated March 9, 1982, as, upon granting reargument, adhered to its original determination denying a motion to dismiss defendants' counterclaims pursuant to CPLR 3211 (subd [a], par 5) and (2) from a further order of the same court (Martin, J.), entered March 29, 1983, which denied its motion for an immediate trial pursuant to CPLR 3211 (subd [c]) of the issues raised in its previous motion to dismiss, and plaintiff Dunkin' Donuts of America, Inc., and petitioner Dunkin' Donuts of New York, Inc., appeal from (3) an order of the same court (Rosenblatt, J.), dated February 5, 1982, which granted a motion to consolidate the action and the proceeding on the condition that Dunkin' Donuts of New York, Inc. be paid all arrears for "basic rent". ¶ Order dated March 9, 1982, affirmed insofar as appealed from and order entered March 29, 1983, affirmed. ¶ Order dated February 5, 1982, modified by adding thereto a provision requiring the defendants-respondents to pay into court all real estate taxes and basic rent as they become due. As so modified, order affirmed. ¶ The defendants-respondents are awarded one bill of costs. ¶ There are issues of fact as to whether or not the release in question was procured by means of duress which preclude dismissal of defendants' counterclaims (see *Newin Corp. v Hartford Acc. & Ind. Co.,* 37 NY2d 211, 217; *Anger v Ford Motor Co.,* 80 AD2d 736). An immediate trial of the issues raised on Dunkin' Donuts of America's motion to dismiss defendants' counterclaims on the basis of the release would not dispose of the case but would require the court to conduct two

separate trials. ¶ Special Term did not abuse its discretion in ordering consolidation since common questions of law and fact are presented in the action to terminate the franchise agreement and the proceeding to dispossess for nonpayment of rent. However, the defendants-respondents should be required to keep current in their basic rent and real estate tax payments to more fully protect the interests of Dunkin' Donuts of New York, Inc. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.