■ NAB CONSTRUCTION CORPORATION, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. NAB CONSTRUCTION CORPORATION, Third-Party Plaintiff-Appellant, v PACE PLUMBING CORPORATION et al., Third-Party Defendants-Respondents. [714 NYS2d 279] —Order, Supreme Court, New York County (Richard Braun, J.), entered July 29, 1999, which granted plaintiff's motion to dismiss defendant's third affirmative defense on the ground of release, and, upon a search of the

record, dismissed plaintiff's third-party action, unanimously modified, on the law, to deny plaintiff's motion to dismiss the defendant's third affirmative defense, and otherwise affirmed, without costs.

Plaintiff, NAB Construction Corporation, entered into a contract with defendant City to perform certain construction. During the performance of this construction, a fire broke out. An investigation commissioned by the City found that the fire had occurred as a result of actions by NAB in performance of the contract. The fire damaged City property, both within and outside the construction site. While the fire damage within the site was covered by insurance, the damage outside the site was not. When the work was complete, the City and NAB exchanged mutual releases and the City paid NAB the money due it, less $491,146.86 to cover the off-site damage. NAB then commenced an action to recover this money under the contract, and the City, as its third affirmative defense to the NAB action, alleged an entitlement to a setoff for the disputed amount due to the fire damage. NAB, treating the City's defense as a counterclaim, then impleaded third-party defendants, and also moved to, *inter alia*, dismiss the third affirmative defense on the ground that the City had issued a release covering any claim by it to the disputed funds. The motion court found, upon a search of the record, that the third affirmative defense was not a counterclaim, but a defense, and, thus, that the third-party action by NAB was improper. However, the court also dismissed the City's third affirmative defense on the ground that it was covered by the release issued by the City to NAB. We now modify to reinstate the City's third affirmative defense.

It cannot be said, as a matter of law, that the release on its face is clear and unambiguous as to the intention of the parties to cover the amount in dispute. The release employs the standardized, ritualistic language (*see, Mangini v McClurg*, 24 NY2d 556, 563-564), which appears to foreclose those actions which the City might bring against NAB. However, since the City retained the money, it had no claim against NAB for that money and it was NAB that was left with the affirmative task of bringing the instant action to recover the disputed funds.

Furthermore, NAB also issued a release, as consideration for the City's release, and both releases were then held in escrow pending final payment to NAB under the contract. Under these circumstances, the releases should have been read together to discern the intentions of the parties (*see, Hallmark Synthetics Corp. v Sumitomo Shoji N. Y.*, 26 AD2d 481, 484, *affd* 20 NY2d 871; *see also, BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d

850), and, indeed, NAB's release clearly states that the City was deducting the disputed amount from the final payment and would assert it as a setoff against a claim by NAB, indicating an intention by the parties that the City's release would not cover the amount for which NAB now sues.

Additionally, given the ambiguity as to the scope of the release, reference to parol evidence to discern the intentions of the parties is appropriate (see, *Wells v Shearson Lehman / American Express*, 72 NY2d 11, 19), and additional extrinsic evidence, in the form of correspondence between the parties, appears to indicate an intention that the disputed sum would not be included in the release. Accordingly, we find that there are triable issues of fact as to the parties' intention with regard to the City's release as it relates to the disputed sum (see generally, *Mangini v McClurg*, supra, at 569; *Perritano v Town of Mamaroneck*, 126 AD2d 623, 624).

Contrary to NAB's alternative argument for dismissal of the City's third affirmative defense, such defense is not barred by the Statute of Limitations, since it arises from the transactions and/or occurrences upon which plaintiff's claim depends, i.e., the parties' construction contract. As such, it is timely under CPLR 203 (d).

The motion court properly dismissed the third-party action on the ground that the City's third affirmative defense is not a counterclaim, which, as contrasted with a defense, would be a permissive predicate for plaintiff's commencement of a third-party action (see, CPLR 1011). The City, already in possession of the disputed money, seeks no affirmative relief, and the City's defense has no existence independent of NAB's success or failure on its contract claim; it is intimately interwoven with that claim (cf., *Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 791).

We have examined the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Wallach, Saxe and Buckley, JJ.