■ JASON R. BROWN, Respondent, v THERESA O'NEILL, Appellant. [777 NYS2d 302]—

Judgment, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered on or about August 27, 2002, dissolving the parties' marriage, which, to the extent appealed from as

limited by the briefs, permits plaintiff to withhold income taxes from defendant's share of the marital portion of plaintiff's works, unanimously reversed, on the law, without costs, to vacate those portions of the judgment that define the term "net income" in accordance with plaintiff's proposed findings of fact and judgment of divorce and set out a framework for such withholding, and the matter remanded for a hearing on the definition of the term "net income" as referred to in the parties' stipulation of settlement. Appeal from order, same court and Justice, entered August 22, 2002, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court improperly signed a judgment of divorce that contained provisions extraneous to the parties' stipulation of settlement, in effect reforming the stipulation (*see Cohen-Davidson v Davidson,* 291 AD2d 474, 475 [2002] ["a court cannot reform an agreement to conform to what it thinks is proper, if the parties have not assented to such a reformation"]).

Defendant avers that in their negotiations leading to the execution of the April 11, 2000 stipulation, the parties agreed that defendant's share of the marital royalties would be calculated after any expenses directly attributable to plaintiff's earning thereof, including commissions and any such fees as agent's and attorney's fees, were deducted. Plaintiff contends that nothing in the stipulation or the negotiations leading thereto supports a claim that he undertook to pay defendant's taxes as well as her share of the proceeds and that the term "net income" in paragraph 4 of the stipulation refers to the amount remaining after both the expenses and all taxes paid or payable on the income were deducted.

Although it is uncontroverted that in their negotiations the parties never discussed plaintiff's withholding of taxes from defendant's share of the income, the court accepted plaintiff's argument and signed his proposed findings of fact and judgment of divorce reflecting his definition of "net income."

Since the parties' intent as to the meaning of the term "net income" cannot be resolved without reference to evidence extrinsic to the stipulation, we remand the matter for a hearing to determine that issue (*see Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880-881 [1985]). Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.