STEPHEN W. KRYSTY, JR., Appellant, v TOWN OF ROYALTON et al., Respondents, et al., Defendant. [796 NYS2d 489]—

Appeal from an order of the Supreme Court, Niagara County (Vincent E. Doyle, J.), entered June 16, 2004. The order, insofar as appealed from, granted the motion of defendants Town of Royalton and Terry Nieman, Superintendent of Highways, for summary judgment dismissing the complaint against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion of defendants Town of Royalton and Terry Nieman, Superintendent of Highways, is denied, the complaint against those defendants is reinstated, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Supreme Court erred in granting the motion of defendants Town of Royalton and its Superintendent of Highways (Town defendants) for summary judgment dismissing the complaint against them based upon two releases executed by plaintiff in favor of certain third parties. As a preliminary matter, we note that we treat the two releases as a single document (hereafter, release) (*see Doldan v Fenner*, 309 AD2d 1274, 1275 [2003]). We agree with plaintiff that the release is ambiguous with respect to whether the Town defendants are among the "persons, firms or corporations" intended to be released from liability. That ambiguity lies primarily in the fact that the release "purports to discharge unknown persons yet also denies any fault on their behalf" (*Wells v Shearson Lehman/American Express*, 72 NY2d 11, 23 [1988], *rearg denied* 72 NY2d 953 [1988]). In addition, there is a further ambiguity based on the fact that the release purports to extend to all other "persons, firms or corporations," but thereafter specifies that the "heirs, assigns, fiduciaries, estates, shareholders, directors, officers, partners, joint ventures, agents, employees, insurers, predecessors and successors of the Releasor, Releasee, and Insurer are entitled to . . . the rights . . . of the Release." Thus, we reverse the order insofar as appealed from and remit the matter to Supreme Court for an "immediate trial," at which extrinsic evidence on the issue of the intent of the parties to the release will be admissible (CPLR 3212 [c]; *see Brown v O'Neill*, 8 AD3d 10, 11 [2004]; *NAB Constr. Corp. v City of New York*, 276 AD2d 388, 390 [2000]; *see generally Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880-881 [1985]). Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.