■ Issac Ainetchi et al., Respondents, v 500 West End LLC, Appellant. [939 NYS2d 37]—

The weight of the evidence did not support the trial court's fact-finding determination that the mechanical room at issue belonged to Penthouse West, the unit purchased by plaintiffs (*see Green v William Penn Life Ins. Co. of N.Y.*, 74 AD3d 570, 571 [2010]). Pursuant to the offering plan floor plans and the tax lot floor plans, the mechanical room at issue was contained within Penthouse East. Although the plans drafted by defendant's architect (the BKS Plans) labeled the mechanical room "W212," this information conflicted with the door and finish schedule also included within the BKS Plans, thereby rendering this document ambiguous (*see Ainetchi v 500 W. End LLC*, 51 AD3d 513 [2008]). Since the BKS Plans are ambiguous, the parties were required to go outside the documents to establish the ownership of the mechanical room (*see NAB Constr. Corp. v City of New York*, 276 AD2d 388, 390 [2000]).

Taking defendant's testimony with the relevant documents,

i.e., the offering plan, the tax lot plan, and the discrepancies within the BKS Plans (*see Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54, 57 [2005]; *Sassi-Lehner v Charlton Tenants Corp.*, 55 AD3d 74, 78 [2008]), the evidence supports a fact-finding determination that the mechanical room was initially contemplated within the space attributed to Penthouse East, that the designation of the mechanical room as "W212" was a typographical error, that the mechanical room was, in fact, part of Penthouse East, and that the mechanical room was connected to Penthouse West because it was easier to do so while the parties settled their dispute as to ownership of this room. Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.