MITCHELL BOXBERGER, Appellant, *v.* NEW YORK, NEW
   HAVEN   AND   HARTFORD   RAILROAD   COMPANY,
   Respondent.

**Negligence — release — plea of release is new matter and
must be proved — erroneous charge as to burden of proof.**

1. There is a material and manifest distinction between a meeting
of the minds of parties through deceit on the part of one of them
and a writing excusably and justifiably executed by the one which,
through the deceit of the other, does not express the agreement of the
parties.   The distinction has been expressed thus: " Fraud in the
factum renders the writing void at law, whereas fraud in the treaty
renders it voidable merely."

2. The plea of a release in an action for negligence is new matter
constituting a defense.   It must be pleaded and where pleaded it
must be proved.

3. Plaintiff brought this action to recover damages for personal
injuries sustained by the negligence of the defendant.   Defendant
pleaded as a separate defense a release purporting to have been
executed by plaintiff.   Without moving for an order directing plaintiff
to reply to the new matter, defendant obtained an order for a separate
trial of the issue.   The release was offered in evidence.   Plaintiff
then testified to facts tending to show that the writing, although in
terms a release, was signed by him not as a release, but, under mis-
representations of the defendant, as a receipt for wages.   Defendant
then offered evidence tending to show that the release was executed
by plaintiff with full knowledge that he was releasing defendant from
liability.   The plea of a release having been met by a denial, the
burden of establishing such defense rested upon the defendant, and,
therefore, it was error for the trial court to instruct the jury that the
burden of proof rested upon the plaintiff to show that the release was
not his act.

*Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 206 App. Div. 768,
reversed.

(Argued October 18, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered June 20, 1923, affirming a judgment in favor of
defendant entered upon a verdict.

*Sydney A. Syme* for appellant.   The issue tendered by the separate defense of a general release was an affirmative defense which, like all affirmative defenses, the defendant was bound to both plead and prove by a fair preponderance of the credible evidence, upon the whole case. (*Horton* v. *Horton*, 83 Hun, 213; *Bank of Coney Island* v. *Weinberg*, 190 N. Y. Supp. 203; *Abrahamson* v. *Settle*, 176 App. Div. 865; *Liberty Ins. Co.* v. *Central Vermont R. R. Co.*, 19 App. Div. 509; *Lamb* v. *C. & A. R. R. & Transfer Co.*, 46 N. Y. 271; *Heinemann* v. *Heard*, 62 N. Y. 448; *Blunt* v. *Barrett*, 124 N. Y. 117; *Spencer* v. *Citizens Mut. L. Ins. Co.*, 142 N. Y. 505; *Cowen Co.* v. *Hoch Manufacturing Co., Inc.*, 249 Fed. Rep. 285; *Farmers Loan & Trust Co.* v. *Siefke*, 144 N. Y. 354; *Swift* v. *Poole*, 172 App. Div. 10; *O'Donnell* v. *Thompson*, 92 Misc. Rep. 710.)   The plaintiff's reply to the defendant's defense of release, as determined by plaintiff's evidence, was a traverse, and was not confession and avoidance.   (*Arthur* v. *Brooks*, 14 Barb. 533; *Conger* v. *Johnson*, 2 Den. 96; *Whipple* v. *Brown Bros. Co.*, 225 N. Y. 237; *Hartshorn* v. *Day*, 19 How. [U. S.] 211; *Wilcox* v. *Am. Tel. & Tel. Co.*, 176 N. Y. 115; *Cleary* v. *Mun. El. Light Co.*, 139 N. Y. 643; *Scully* v. *B. H. R. R. Co.*, 155 App. Div. 382; *Herman* v. *Fitzgibbons*, 136 App. Div. 256; *Dorr* v. *Munsell*, 13 Johns. 430; *Dale* v. *Roosevelt*, 9 Cow. 307; *U. P. R. R. Co.* v. *Harris*, 158 U. S. 326.)   An admission that the plaintiff signed a paper writing which is in form a release, coupled with the statement that he signed the instrument relying upon the defendant's representation that it was a mere receipt for wages, is not an admission of the execution and delivery of the release as a release.   (*Shaw* v. *Weber*, 79 Hun, 307; *Cleary* v. *Municipal El. Light Co.*, 19 N. Y. Supp. 951; 139 N. Y. 643; *Wilcox* v. *American Telegraph & Telephone Co.*, 176 N. Y. 115; *Scully* v. *Brooklyn Heights Railroad Co.*, 155 App. Div. 382; *Lynch* v. *Figge*, 200 App. Div. 92; *O'Meara* v. *B. C. Ry. Co.*, 16 App. Div. 204; *Fleming* v. *B. H. R. R. Co.*, 95 N. Y.

110.)   A plea of *non est factum* in reply to a plea of release gives the defendant the opening and closing, and places upon the defendant the burden of proving the execution and delivery of a valid release. (*Gardner* v. *Gardner*, 10 Johns. 47; *Kane* v. *Sanger*, 14 Johns. 89; *McNeish* v. *Stewart*, 7 Cow. 474; *Cooper* v. *Watson*, 10 Wend. 202; *Norman* v. *Wells*, 17 Wend. 136; *People* v. *Rowland*, 5 Barb. 449; *Murray* v. *Norwood*, 192 N. Y. 172.)

*Madison G. Gonterman* for respondent.   The charge of the court upon the question of the burden of proof was in accordance with the law and the evidence, and the plaintiff's requests to charge were properly refused.   (1 Chitty on Pleadings, 511; *Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182; *Wilcox* v. *Am. Tel. & Tel. Co.*, 176 N. Y. 115; *Lynch* v. *Figge*, 194 App. Div. 126; *Whipple* v. *Brown Bros. Co.*, 225 N. Y. 237; *Warner* v. *Star Co.*, 162 App. Div. 458; *Addystone P. & S. Co.* v. *Copple*, 94 Ky. 292.)

POUND, J.   Plaintiff sued to recover damages for personal injuries sustained by the negligence of the defendant. Defendant pleaded as a separate defense a release. Without moving for an order directing plaintiff to reply to the new matter (Civil Practice Act, § 274) defendant obtained, under Civil Practice Act (§ 443, par. 2), an order for a separate trial of the issue.

On the trial the court properly ruled, without objection, that this was an affirmative defense.   To establish defendant's *prima facie* case, a purported release, executed by plaintiff, was offered and received in evidence.   Plaintiff then testified to facts tending to show that the writing, although in terms a release, was signed by him, not as a release, but, under misrepresentations of the defendant, as a receipt for wages.   Defendant called a witness who testified to facts tending to show that the release was given in settlement of plaintiff's claim with full knowledge on his part that he was releasing the defendant from liability.

The court charged the jury, over plaintiff's exception, that the burden of proof was upon the plaintiff to establish that the release was not his act. This was error.

" There is a material and manifest distinction between a meeting of the minds of parties through deceit on the part of one of them, and a writing excusably and justifiably executed by the one which, through the deceit of the other, does not express the agreement of the parties. The distinction has been expressed thus: ' Fraud in the factum renders the writing void at law, whereas fraud in the treaty renders it voidable merely.' " (*Whipple* v. *Brown Brothers Company*, 225 N. Y. 237, 241.)

The plaintiff did not attempt to rescind a contract induced by fraud. He denied that he had made such a contract. He charged, not that the contract was obtained by fraud, but that the instrument which purported to represent the contract was obtained by fraud. The allegation of new matter in the answer was deemed to be controverted by traverse. "An allegation of new matter in the answer to which a reply is not required * * * is deemed to be controverted by the adverse party, by traverse or avoidance, as the case requires." (Civil Practice Act, § 243; *Cleary* v. *Municipal Electric Light Co.*, 19 N. Y. Supp. 951; affd., on opinion below, 139 N. Y. 643; *Wilcox* v. *American T. & T. Co.*, 176 N. Y. 115.) The burden of establishing, therefore, unquestionably rested on the defendant (*Conkling* v. *Weatherwax*, 181 N. Y. 258, 270), and the jury should have been so instructed. Confession would have met this burden of proof and cast the burden on the plaintiff of avoidance by establishing fraud in the treaty.

The judgments should be reversed and a new trial granted, with costs to abide the event.

HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., not voting.

Judgments reversed, etc.