Louis O. Scheer, Appellant, v. Long Island Rail Road Company, by William H. Draper, Jr., as Trustee, Respondent.— On July 10, 1948, plaintiff, an employee of defendant, was injured in an accident. On August 12, 1948, he executed a release to defendant and received a payment of $40. In this action, commenced July 6, 1951, plaintiff seeks to recover for personal injuries alleged to have resulted from the July 10, 1948, accident. Defendant moved to dismiss the two causes of action alleged in the complaint on various grounds, one being that plaintiff's claim had been released. (Rules Civ. Prac., rule 107, subd. 6.) In opposition plaintiff stated merely that, if a general release had been obtained from him, it was procured by fraud and misrepresentation. Special Term granted the motion to dismiss both causes of action, one of the grounds being that evidentiary facts were not alleged to avoid the release. Thereafter plaintiff moved for "reargument", which was really a motion to renew based on additional facts. On the second motion, it appeared that plaintiff had merely asked defendant for reimbursement for time lost, but defendant had plaintiff sign a letter that the $40 was not for time lost in order that plaintiff save the income tax on the $40 under the provisions of the Railroad Retirement Act and the Railroad Unemployment Insurance Act, and that plaintiff signed a "receipt" for the $40. It also appeared that defendant compromised plaintiff's claim on the basis of a contusion of the left knee and right chest, whereas the present claim of plaintiff is to recover damages for injuries to his left testicle allegedly arising from the accident. The motion for renewal was denied. Plaintiff appeals from both orders insofar as defendant's motion to dismiss the first cause of action was granted. Order denying renewal, insofar as appealed from, reversed, with $10 costs and disbursements, and motion to dismiss the first cause of action denied, without costs. Defendant is granted ten days from the entry of the order hereon to answer. Appeal from order, dated April 4, 1952, dismissed, without costs. Sufficient facts appeared on the renewal of the original motion to raise an issue of fact as to the validity of the release. Where a settlement is made on the basis only of known superficial injuries and those were the only injuries intended to be embraced within the release, the release may be avoided on the ground of mutual mistake of fact if it be proved that more serious injuries which later developed were assumed not to exist at the time of the execution of the release. (*Brown* v. *Manshul Realty Corp.*, 271 App. Div. 222.) Where a release is represented to be a receipt for wages for time lost, the release may be avoided on the ground of fraud. (*Boxberger* v. *New York, N. H. & H. R. R. Co.*, 237 N. Y. 75; *Farrington* v. *Harlem Sav. Bank*, 280 N. Y. 1.) Nolan, P. J., Carswell, Adel, Wenzel and Beldock, JJ., concur.

■

James R. Seward, Respondent, v. Joseph Tringali et al., Appellants.— In an action to recover damages for personal injuries sustained by plaintiff, a bicyclist, who was run down by a truck, judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, MacCrate, Schmidt and Beldock, JJ.