Frederick Backer, J.
On this motion for reargument, the court has reviewed the original papers on the motion heretofore decided and, further, has examined the original papers on file in the motions decided by Justices Gold and Lynch. Upon the additional facts now before the court, the application will be regarded as a motion for leave to renew and reconsider, which is granted, rather than for reargument, which is limited only to the original papers (Sheer v. Long Is. R. R. Co., 282 App. Div. 724; Matter of Rand, 273 App. Div. 859; Gold v. Travelers Ins. Co., 263 App. Div. 817). Upon such renewal and reconsideration the original decision of September 19, 1958 is recalled and vacated and the motion is now disposed of as follows:
This is a motion to substitute attorneys for the plaintiff in the within action and to compel the outgoing attorneys, Kauf *561 man, Taylor & Kimrnel, Esqs., to deliver all papers and records in the matter to the new attorneys. Objection is interposed by the Kaufman firm to the extent that they request security be posted in the sum of $10,000 pending determination of their claim against plaintiff for the reasonable value of their services rendered in this action in respect of the plaintiff’s third cause of action. This, they assert, arises from the following facts: The instant action was instituted on plaintiff’s behalf by the firm of Gettinger & Gettinger, attorneys. They prepared a summons and complaint which contained three causes of action, the first two relating to separation, custody and support for plaintiff and the issue of the parties and the third cause relating to a division of the community property of the parties. That law firm prepared a motion for temporary alimony and counsel fees and thereon submitted the complaint and an affidavit setting forth the work involved. Before the motion was submitted plaintiff and Gettinger & Gettinger had a disagreement and the latter requested plaintiff to obtain new counsel. This she did and the firm of Kaufman, Taylor & Kimrnel, Esqs. was substituted. On such substitution it was stipulated that both firms receive 50% each of any award of counsel fees. The Kaufman firm thereupon interposed supplemental affidavits to those already served by Gettinger & Gettinger. One of the supplemental affidavits was executed by plaintiff on January 11, 1957 and reads as follows (in part):
“ I respectfully request that this amount [the counsel fee requested] be allocated in an equitable manner between Messrs. Gettinger and Gettinger and my present attorneys Kaufman, Taylor & Kimrnel, Esqs., who have been substituted.
“ I also respectfully request that said counsel fees be deemed not to apply to the third cause of action in the complaint which requests a division of the community property between my husband and myself pursuant to the laws of the State of California. My attorneys will be separately paid by me for the reasonable value of their services contingent upon their being successful as to this cause of action.
“ Any order awarding counsel fees should expressly state that the same do not include payment for the aforementioned cause of action.” (Emphasis mine.)
On this motion Justice Gold awarded temporary alimony and support of $200 weekly and as to the counsel fee stated: “ Inasmuch as defendant will not contest plaintiff’s right to a judgment of separation, plaintiff is awarded a counsel fee of $1,000 ”. The order entered thereon directed payment of $500 to plaintiff for Gettinger & Gettinger, Esqs., and $500 for Kaufman, Taylor *562 & Kimmel, Esqs. A subsequent motion was made by the latter firm for an additional counsel fee in the action revolving about the work done and to be done on the issues of support and of custody. This motion was denied by Mr. Justice Lynch.
In light of the specific reservation made by plaintiff in her affidavit of January 11, 1957 which was before Mr. Justice Gold on the motion for temporary alimony and counsel fee (as hereinbefore stated) I am satisfied that the award of counsel fee in the sum of $1,000 did not include nor contemplate the services rendered or to be rendered by the firm of Kaufman, Taylor & Kimmel, Esqs., in respect of the third cause of action. The plaintiff obligated herself personally to pay the reasonable value of the services required in respect of a successful outcome of that cause of action.
Accordingly, the motion for substitution of attorneys is granted. The firm of Kaufman, Taylor & Kimmel, Esqs. will have a charging lien for their services on the third cause of action alleged in the complaint, and upon any proceeds recovered thereon by suit, settlement or otherwise. The reasonable value of such services in respect of the third cause of action may be fixed either by agreement or by a plenary action, or, if the parties desire, by a reference. A retaining lien upon any papers, pleadings or exhibits is also granted but they shall be produced for use upon the trial or whenever same may be necessary and the newly substituted firm of attorneys shall be permitted to see the papers and make copies thereof.
Settle order providing for such liens, and notice to the retiring-attorneys of all subsequent proceedings and, if the parties can agree, for the amount of the charging lien or method of determining same.