STANLEY SMITH, Appellant, v. A. A. TRUCK RENTING CORP. et al., Respondents.— In a negligence action to recover damages for personal injuries and to rescind a release, plaintiff appeals: (1) from an order of the Supreme Court, Kings County, dated January 5, 1960, which denied plaintiff's cross motion to disaffirm the Official Referee's report rendered after a hearing pursuant to rule 108 of the Rules of Civil Practice; which granted defendants' motion to confirm the report; and which granted defendants' motion, under subdivision 6 of rule 107 of the Rules of Civil Practice, to dismiss the complaint, on the ground "That the claims and demands set forth in the complaint have been released"; and (2) from the judgment of said court, entered January 14, 1960, upon said order, dismissing the complaint. Order and judgment reversed, with $10 costs and disbursements; defendants' motions to confirm the Referee's report and to dismiss the complaint denied; and plaintiff's motion to disaffirm the Referee's report granted. The defendants' time to answer the complaint is extended until 20 days after entry of the order hereon. The complaint sets forth two causes of action, although it does not separately state and number them as such. One of the causes is in equity, being for rescission of the release; the other is at law, being for money damages for personal injuries.

The motion to dismiss was directed to the entire complaint. However, defendants themselves do not contend that the release barred the cause of action to rescind the release. Therefore, at least one of the causes of action may not be dismissed on the ground upon which the motion was based, and the motion to dismiss the complaint should have been denied (*Zimmer* v. *Whiting-Buick*, 274 App. Div. 967). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.