## (April 30, 1968)

■ ANTHONY MIRABELLA, as Assignee of FRANCO GRONDA and Another, Respondent, v. BANCO INDUSTRIAL DE LA REPUBLICA ARGENTINA, Appellant.

*Per Curiam.* This is an action to recover $85,000,000 as damages for the cancellation in 1948 of six letters of credit issued to plaintiff's assignor in 1948 to finance the establishment of an aluminum industrial complex in Argentina. The transaction was between the assignor, an Italian national residing in Italy, now deceased, and the defendant, an instrumentality of the Argentine government, and all of its incidents and performance were contemplated to occur either in Argentina or Italy. Jurisdiction over the defendant was obtained by means of a warrant of attachment.

Plaintiff admits that his assignor in 1954 executed a release of all claims sued upon, but alleges that the release was procured by the defendant's fraud, and is further invalid because it lacks consideration. Plaintiff also acknowledges that a 10-year Statute of Limitations applies to the causes of action sued upon, but alleges that the running of this 10-year period has been interrupted by various acts taken by plaintiff, and that defendant has waived its right to raise this defense because of its own fraudulent conduct.

A separate and prior trial on the issue of release would serve the convenience of the parties and the court. The pleadings squarely frame the issue in this respect, the proof relating thereto is totally separate and apart from the question of plaintiff's right to recover for breach of contract, and a prior and separate trial of the issue of release would not duplicate the proof on a trial of the main action.

Similarly, the pleadings state the positions of the parties with respect to the Statute of Limitations. Evidence as to the steps allegedly taken by the plaintiff's assignor to preserve his position between 1948 and 1961, when the action was commenced, would obviously have no relevancy to the circumstances surrounding the issuance of the credits or their cancellation. This defense, too, if disposed of favorably to the defendant, would end this long-standing litigation.

Thus, considering the nature of the action, its present posture as well as its ancient origin, and the fact that resolution of the issues involves two entirely different phases in point of time, it is prejudicial and unfair to the defendant to defer its motion until consummation of discovery upon the entire case. Completion of all pretrial steps in the main action will impose upon the defendant the enormous task of establishing a fraud occurring partly in Italy and partly in Argentina some 20 years ago, a burden which could be obviated by confining the issues for the moment to the affirmative defenses. The granting of a separate trial as to the affirmative defenses, on the other hand, may not deprive the parties of the opportunity to obtain full pretrial disclosure as to the issues raised by the said defenses. The record demonstrates that the case is an extraordinarily appropriate one for a separate trial. (*Burton* v. *Niagara Mohawk Power Corp.*, 280 App. Div. 356, 357; *Calva* v. *Laskin & Sons Corp.*, 279 App. Div. 907; *Flynn* v. *Royal Development Co.*, 265 App. Div. 592, 593; CPLR 603.)

The order entered June 23, 1967 denying defendant's motion for a separate and prior trial of the issues raised by the affirmative defenses of release and Statute of Limitations should be reversed on the law and on the facts and in the exercise of discretion, without costs or disbursements, and the motion

granted, on condition, however, that such separate trial shall follow completion of pretrial proceedings limited to these issues.

Stevens, J. P., Eager, Capozzoli, Tilzer and Rabin, JJ., concur.

Order entered on June 23, 1967 unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, and defendant's motion granted, on condition, however, that such separate trial shall follow completion of pretrial proceedings limited to the issues raised by the affirmative defenses of release and Statute of Limitations.