■ DONALD J. ANGER et al., Individually and Doing Business as D & S PARTNERSHIP, Appellants, v FORD MOTOR COMPANY, DEALER DEVELOPMENT, Respondent. — Order unanimously reversed, on the law, and matter remitted to Special Term, Erie County, for further proceedings in accordance with the following memorandum: This is an appeal from an order at Special Term dismissing plaintiffs' complaint with prejudice on the basis of release pursuant to CPLR 3211 (subd [a], par 5). Dismissal on grounds of release overlooks the fact that plaintiffs, both in their complaint and in their affidavit in opposition to the motion, allege that defendant procured the release by means of fraud and duress. Where a complaint alleges fraud or duress in the procurement of a release either by way of an equitable action to rescind or by way of an action at law for damages sustained as a result of the release, a motion to dismiss which is based solely on the release should be denied (see *Newin Corp. v Hartford Acc. & Ind. Co.,* 37 NY2d 211, 217; *Goldsmith v National Container Corp.,* 287 NY 438; *Smith v A.A. Truck Renting Corp.,* 13 AD2d 1035; *Troisi v Central Trust Co.,* 86 NYS2d 726, affd 274 App Div 1026; *Gordon v Pushkoff,* 67 NYS2d 873, affd 272 App Div 872; *McDermott v Becker,* 86 NYS2d 10). Procedurally the motion is quite distinct from a motion treated as one for summary judgment pursuant to CPLR 3211 (subd [c]) which would permit a determination of the merits of that claim; or a motion to dismiss for failure to state a cause of action under CPLR 3211 (subd [a], par 7). Because resolution of the issue of the validity of the release may well be dispositive of the entire matter and thus prevent the needless burden and expense of preparing for trial on an underlying action, an evidentiary hearing pursuant to CPLR 3211 (subd [c]) is directed (see *Mirabella v Banco Ind. de la Republica Argentina,* 29 AD2d 940; *Fitch v Central Greyhound Lines, Inc., of N.Y.,* 282 App Div 809; *Burton v Niagara Mohawk Power Corp.,* 280 App Div 356). (Appeal from order of Erie Supreme Court — dismiss complaint.) Present — Dillon, P.J., Hancock, Jr., Doerr, Denman and Moule, JJ.