■ M. KAMINSKY et al., Appellants, v VALERIE GAMACHE, Respondent. [751 NYS2d 254] —In an action, in effect, pursuant to RPAPL article 6 to recover possession of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Garry, J.), dated October 4, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

A release is a contract, and its construction is governed by contract law (*see Mangini v McClurg,* 24 NY2d 556, 562). Where a release is unambiguous, the intent of the parties must be ascertained from the plain language of the agreement (*see Shklovskiy v Khan,* 273 AD2d 371, 372; *see also J&A Bayly Constr. Co. v Village of Castleton-on-Hudson,* 248 AD2d 766, 767; *L&K Holding Corp. v Tropical Aquarium at Hicksville,* 192 AD2d 643, 645). However, " 'if from the recitals therein or otherwise, it appears that the release is to be limited to only particular claims, demands or obligations, the instrument will be operative as to those matters alone' " (*Perritano v Town of*

*Mamaroneck,* 126 AD2d 623, 624, quoting 49 NY Jur, Release and Discharge § 33 at 405). Indeed, "[t]he meaning and coverage of a general release necessarily depends upon the controversy being settled and upon the purpose for which the release was given. A release may not be read to cover matters which the parties did not intend to cover" (*Gale v Citicorp,* 278 AD2d 197; *see Meyer v Fanelli,* 266 AD2d 361; *Grab v Jewish Assn. for Servs. for Aging,* 254 AD2d 455, 456).

In this case, the release in question was part of an agreement that contemplated resolution of a dispute arising from the expiration of the parties' 1994 lease. Pursuant to the agreement, the plaintiff landlords (hereinafter the Landlords) were to make specified repairs and improvements to the defendant's apartment, and the defendant (hereinafter the Tenant) was to pay rental arrears. Thereafter, the Landlords agreed to tender a new three-year lease at an agreed-upon rental; prior to the completion of repairs and the execution of the new lease, the Tenant was relieved of the obligation to pay any rent. It was in this context that the agreement provided that *after* the parties had performed their respective obligations thereunder, the Landlords would, inter alia, execute and deliver the new lease and covenant not to evict the Tenant except for a material violation of the new lease. The agreement made no provision for the eventuality, as ultimately occurred, that the parties would *not* complete their performance under the agreement, or fail to execute the new lease.

It is clear that the release in the agreement was not intended to resolve the instant controversy concerning the Tenant's present and future entitlement to occupy the premises in the absence of a new lease. Thus, the Supreme Court erred in concluding that the release precluded this proceeding to recover possession of the apartment, and in awarding summary judgment to the Tenant, dismissing the complaint (*see Alcantara v 603-607 Realty Assoc.,* 273 AD2d 329, 330; *Grab v Jewish Assn. for Servs. for Aging, supra; NAB Constr. Corp. v City of New York,* 276 AD2d 388, 390).

In light of our determination, we need not address the Landlords' remaining contentions. S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.