■ CARDINAL HOLDINGS, LIMITED, Appellant-Respondent, v INDOTRONIX INTERNATIONAL CORPORATION et al., Respondents-Appellants. (Appeal No. 1.) CARDINAL HOLDINGS, LIMITED, Plaintiff, v INDOTRONIX INTERNATIONAL CORPORATION et al., Respondents. JOHN V. FABIANI, JR., Nonparty Appellant. (Appeal No. 2.) CARDINAL HOLDINGS, LIMITED, Appellant, v INDOTRONIX INTERNATIONAL CORPORATION et al., Respondents. (Appeal No. 3.) [902 NYS2d 123]—

In an action to enforce a money judgment, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 23, 2009, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was for an award of sanctions against the plaintiff and the plaintiff's attorney pursuant to 22 NYCRR 130-1.1 (c), (2) the nonparty John V. Fabiani, Jr., an attorney for the plaintiff, appeals, as limited by his brief, from so much of an order of the same court dated June 22, 2009, as granted that branch of the defendants' motion which was for leave to renew that branch of their prior motion which was for an award of sanctions against him and, upon renewal, granted that branch of the defendants' prior motion and directed that he pay the sum of $2,500 to the Lawyers' Fund for Client Protection, and (3) the plaintiff appeals from a judgment of the same court entered July 15, 2009, which, upon so much of the order dated June 22, 2009, as granted that branch of the defendants' motion which was for leave to renew that branch of their prior motion which was for an award of sanctions against it and, upon renewal, granted that branch of the defendants' prior motion and directed that it pay the sum of $9,700 as sanctions, is in favor of the defendants and against it in the sum of $9,700.

Motion by Cardinal Holdings, Limited, on appeals and a cross appeal from an order of the Supreme Court, Dutchess County, dated February 23, 2009, and an appeal from an order of the

same court dated June 22, 2009, pursuant to CPLR 5520 (c), inter alia, to deem the notice of appeal from the order dated June 22, 2009, a premature notice of appeal from a judgment of the same court entered July 15, 2009. By decision and order on motion of this Court dated December 15, 2009, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeal, it is

Ordered that the motion by Cardinal Holdings, Limited, is granted to the extent that the notice of appeal served and filed by Cardinal Holdings, Limited, from the order dated June 22, 2009, is deemed a premature notice of appeal from the judgment entered July 15, 2009 (*see* CPLR 5520 [c]), and the motion by Cardinal Holdings, Limited, is otherwise denied; and it is further,

Ordered that the cross appeal by the defendants from so much of the order dated February 23, 2009, as denied that branch of their motion which was for an award of sanctions against the plaintiff and the plaintiff's attorney is dismissed, as that portion of the order was superseded by the subsequent order dated June 22, 2009, and the judgment entered July 22, 2009; and it is further,

Ordered that the order dated February 23, 2009, is affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that the order dated June 22, 2009, is affirmed insofar as appealed from by the nonparty John V. Fabiani, Jr.; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing additional sanctions and/or costs, if any, against the plaintiff and/or its counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 18, 2010; and it is further,

Ordered that the Clerk of the Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

In October 2000, a foreign money judgment (hereinafter the Chandre judgment) was entered in favor of the plaintiff Cardinal Holdings, Limited (hereinafter Cardinal), against nonparty Chandre Corporation (hereinafter Chandre). The Chandre judgment was docketed against Chandre in the Office of the Dutchess County Clerk in 2002. On March 25, 2003, Chandre filed for bankruptcy protection. In 2004, Cardinal commenced an action against the defendants named in this action (hereinafter the defendants) in federal District Court seeking to enforce the Chandre judgment against the defendants under an alter-ego theory. The District Court dismissed that action on the ground that only the trustee of the Chandre bankruptcy estate had standing to assert that claim. Thereafter, the trustee of the Chandre bankruptcy estate commenced an adversary proceeding in the Bankruptcy Court against the defendants seeking, inter alia, to enforce the Chandre judgment against the defendants under an alter-ego theory. The defendants and the trustee entered into a stipulation and order approving settlement and a general release which was so ordered by the Bankruptcy Court on October 20, 2006. In September 2008, Cardinal commenced the instant action again seeking to enforce the Chandre judgment against the defendants on the same alter ego theory.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint on the ground that the action was barred by a general release. " 'A release is a contract, and its construction is governed by contract law' " (*Lee v Boro Realty, LLC*, 39 AD3d 715, 716 [2007], quoting *Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]). "Where a release is unambiguous, the intent of the parties must be ascertained from the plain language of the agreement" (*Kaminsky v Gamache*, 298 AD2d at 361; *see Chaudhry v Garvale*, 262 AD2d 518, 519 [1999]). In this regard, the documentary evidence established that the clear and unambiguous terms of the General Release executed and made part of the stipulation and order approving settlement by the trustee of the Chandre bankruptcy estate resolved and settled the claims asserted by Cardinal in this action. Moreover, contrary to Cardinal's contentions, the cause of action seeking recovery on the Chandre judgment under an alter-ego theory was the property of the bankruptcy estate (*see St. Paul Fire & Mar. Ins. Co. v PepsiCo, Inc.*, 884 F2d 688, 704 [1989]). There also was no showing in the record that the bankruptcy trustee abandoned the cause of action now asserted by Cardinal (*see* 11 USC § 554). Cardinal's failure to name Chandre as a party also required the dismissal of this action (*see* CPLR 1001; *Corman v LaFountain*, 38 AD3d 706, 708 [2007]; *Stewart Tenants Corp. v Square Indus.*, 269 AD2d 246, 248 [2000]).

The Supreme Court providently exercised its discretion in granting the defendants' motion for leave to renew that branch of their original motion which was for sanctions pursuant to 22 NYCRR 130-1.1 (c). The defendants provided a reasonable justification for their failure to submit, on the original motion, affirmations for legal services rendered (*see Heaven v McGowan,* 40 AD3d 583 [2007]; *Gomez v Needham Capital Group, Inc.,* 7 AD3d 568, 569 [2004]). Upon renewal, the Supreme Court also providently exercised its discretion in granting that branch of the defendants' motion which was to impose sanctions upon Cardinal and its counsel pursuant to 22 NYCRR 130-1.1 (c) for frivolous conduct. The record supports the Supreme Court's finding that the commencement of this action by Cardinal and its counsel was frivolous and was undertaken primarily to harass the defendants (*see Kornblum v Kornblum,* 34 AD3d 749, 751 [2006]). The continuation of the same meritless arguments on appeal would appear to constitute frivolous conduct. Therefore, we direct counsel for the parties to show cause why additional sanctions and/or costs should or should not be imposed (*see Tornheim v Blue & White Food Prods. Corp.,* 73 AD3d 749 [2010]; *Caplan v Tofel,* 65 AD3d 1180, 1181-1182 [2009]).

Cardinal's remaining contentions are without merit. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.