■ Gerard M. Schiller et al., Appellants-Respondents, v Debra S. Guthrie, Respondent-Appellant. [958 NYS2d 736]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.) entered January 11, 2012, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and the defendant cross-appeals from so much of the same order as denied that branch of her motion which was for an award of an attorney's fee or sanctions.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the defendant.

During the marriage of the plaintiff Gerard M. Schiller (hereinafter the former husband) and the defendant Debra S. Guthrie (hereinafter the former wife), they operated a joint medical practice from 1987 through 2006. In September 2006, the former wife commenced an action for divorce and ancillary relief against the former husband. In April 2008, the former husband and former wife entered into a stipulation of settlement. The stipulation, which was placed on the record and so-ordered by the court, was incorporated but not merged into the judgment of divorce.

In 2011 the former husband, on behalf of himself and the former joint medical practice, "Gerard Schiller, MD & Debra S. Guthrie, MD, a NY Partnership-at-Will" commenced this action, alleging that he and the former wife had operated their former medical practice as a general partnership and that the partnership had improperly filed its tax returns as a sole proprietorship for the period of January 1, 2006, through October 31, 2006. He further alleged that he paid $21,029.25 in additional taxes and $57,215.16 in professional fees on behalf of the partnership to correct the error. As a result, the plaintiffs demanded, inter alia, that the former wife pay her pro rata share of those partnership expenses.

Contrary to the plaintiffs' contentions, the Supreme Court properly granted that branch of the former wife's motion which was for summary judgment dismissing the complaint on the ground that it was barred by a general release contained in the stipulation, which resolved the prior matrimonial action between the former wife and former husband. " 'A release is a contract, and its construction is governed by contract law' " (*Cardinal Holdings, Ltd. v Indotronix Intl. Corp.*, 73 AD3d 960, 962 [2010], quoting *Lee v Boro Realty, LLC*, 39 AD3d 715, 716 [2007]; *Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]). "Where a release is unambiguous, the intent of the parties must

be ascertained from the plain language of the agreement" (*Kaminsky v Gamache*, 298 AD2d at 361; *see Chaudhry v Garvale*, 262 AD2d 518, 519 [1999]). Here, in support of that branch of her motion, the former wife established her prima facie entitlement to judgment as a matter of law by submitting the release contained in the stipulation. The clear and unambiguous language of the release resolved and released all claims that "have been brought or could have been brought" by the former wife and former husband. The release contained only two exceptions, neither of which applies to the claims asserted by the plaintiffs in this action. Viewed in its entirety, the terms of the stipulation make clear that it was intended to cover and resolve all relevant issues between the former wife and the former husband, including the financial issues concerning their joint medical practice that are raised by the plaintiffs in this action (*see Trama v Eugene & Shirley Drach Realty Corp.*, 37 AD3d 454, 455 [2007]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the release barred them from maintaining this action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiffs' remaining contentions regarding what the release encompasses, which were not raised in opposition to that branch of the former wife's motion which was for summary judgment, are not properly before this Court (*see Lee v Port Chester Costco Wholesale*, 82 AD3d 842, 842 [2011]; *Fletcher v Westbury Toyota, Inc.*, 67 AD3d 730, 730-731 [2009]). Accordingly, the Supreme Court properly granted that branch of the former wife's motion which was for summary judgment dismissing the complaint.

The Supreme Court properly denied that branch of the former wife's motion which was for an award of an attorney's fee or sanctions, as she failed to establish her entitlement to that relief. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.