■ PATRICIA WARMHOLD, Respondent, v MICHAEL ZAGARINO, Defendant, and COUNTRYWIDE FINANCIAL CORPORATION et al., Appellants. [965 NYS2d 359]—

In a putative class action, inter alia, to recover damages for violations of General Business Law §§ 349 and 350, the defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Bank of America Corporation appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered October 4, 2011, which denied their motion, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this putative class action on behalf of herself and a class of "similarly situated New York consumers," alleging, among other things, that Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Bank of America Corporation, as assignee (hereinafter collectively the

Countrywide defendants), employed relaxed underwriting standards, insufficient documentation requirements, and false appraisals for the purpose of consummating high-cost home loans. After discovery, the Countrywide defendants moved, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against them on the ground that the action was barred by a release contained in a repayment plan agreement executed by the plaintiff.

The Countrywide defendants' motion was properly denied. Although the plaintiff's execution of the release in favor of the defendants was "a jural act of high significance" (*Mangini v McClurg*, 24 NY2d 556, 563 [1969]), "a motion to dismiss should be denied where fraud or duress in the procurement of the release is alleged" (*Farber v Breslin*, 47 AD3d 873, 877 [2008]; *see Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]; *Gibli v Kadosh*, 279 AD2d 35, 40-41 [2000]; *Bloss v Va'ad Harabonim of Riverdale*, 203 AD2d 36, 37 [1994]; *Anger v Ford Motor Co., Dealer Dev.*, 80 AD2d 736 [1981]). Here, the plaintiff sufficiently alleged that the Countrywide defendants procured the release by means of fraud or duress, so as to warrant denial of their motion.

The Countrywide defendants' contentions regarding the class action allegations are not properly before this Court, since they did not properly seek the relief they are requesting herein, pertaining to those allegations, before the Supreme Court (*see* CPLR 2214 [a]). Skelos, J.P., Hall, Lott and Hinds-Radix, JJ., concur.