■ HERMINE POWELL, Respondent, v MERYL ADLER et al., Appellants. [10 NYS3d 306]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an

order of the Supreme Court, Queens County (Lane, J.), dated June 26, 2014, as denied that branch of their renewed motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she was involved in a motor vehicle accident with a vehicle owned by the defendant Meryl Adler and operated by the defendant Heather Adler. The plaintiff commenced this action against the defendants to recover damages for personal injuries. After issue was joined, the defendants made a renewed motion, inter alia, for summary judgment dismissing the complaint, on the ground that the plaintiff executed a release of all claims against them arising out of the alleged incident, in exchange for a payment of $3,000.

" 'A release is a contract, and its construction is governed by contract law' " (*Cardinal Holdings, Ltd. v Indotronix Intl. Corp.*, 73 AD3d 960, 962 [2010], quoting *Lee v Boro Realty, LLC*, 39 AD3d 715, 716 [2007]; *see Davis v Rochdale Vil., Inc.*, 109 AD3d 867 [2013]; *Schiller v Guthrie*, 102 AD3d 852, 853 [2013]; *Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]). "Generally, 'a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement, fraudulent concealment, misrepresentation, mutual mistake or duress' " (*Orangetown Home Improvements, LLC v Kiernan*, 84 AD3d 902, 903 [2011], quoting *Global Precast, Inc. v Stonewall Contr. Corp.*, 78 AD3d 432 [2010]; *see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]).

"A signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release' " (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276, quoting *Fleming v Ponziani*, 24 NY2d 105, 111 [1969]; *see Davis v Rochdale Vil., Inc.*, 109 AD3d at 867). "A plaintiff seeking to invalidate a release due to fraudulent inducement must 'establish the basic elements of fraud, namely a representation of a material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury' " (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276, quoting *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]). Moreover, there is a requirement that a release covering both known and unknown injuries be " 'fairly and

knowingly made' " (*Mangini v McClurg*, 24 NY2d 556, 566 [1969], quoting *Farrington v Harlem Sav. Bank*, 280 NY 1, 4 [1939]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the affidavit of the insurance claims adjuster and a copy of the release signed by the plaintiff, which released the defendants from any and all claims or actions arising from the accident (*see Matter of Singer v Windfield*, 125 AD3d 666 [2015]; *Schiller v Guthrie*, 102 AD3d at 854; *Seff v Meltzer, Lippe, Goldstein & Schlissel, P.C.*, 55 AD3d 592, 593 [2008]).

In opposition, however, the plaintiff raised a triable issue of fact (*see Fuentes v Aluskewicz*, 25 AD3d 727, 728 [2006]; *see generally Mangini v McClurg*, 24 NY2d at 563; *Haynes v Garez*, 304 AD2d 714, 715 [2003]). The plaintiff submitted her own affidavit as well as the affidavit of her daughter, who was present when the release was signed. Both the plaintiff and her daughter stated, in their respective affidavits, that the insurance adjuster visited the plaintiff only three days after the accident, that the plaintiff was still taking pain medication at that time, and that the insurance adjuster stated that the money was for the plaintiff's "inconvenience" and not to compensate her for any injuries, pain, or suffering. These submissions raised triable issues of fact as to whether, inter alia, there was fraud in the inducement of the release, and as to whether the release was fairly and knowingly made (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276; *Mangini v McClurg*, 24 NY2d at 566; *Fuentes v Aluskewicz*, 25 AD3d at 728; *Haynes v Garez*, 304 AD2d at 715).

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly denied that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.