■ Galo Pacheco, Appellant-Respondent, v 32-42 55th Street Realty, LLC, et al., Respondents-Appellants. [33 NYS3d 301]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered February 3, 2015, as denied his cross motion, in effect, to preclude the defendants from asserting an affirmative defense based on a general release, and the defendants cross-appeal from so much of the same order as denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by a general release.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff allegedly sustained personal injuries when he fell from a scaffold while he was working at a construction site. The plaintiff commenced this action against the defendants alleging, inter alia, violations of Labor Law §§ 200 and 240 (1). The defendants subsequently moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (5) on the ground that the action was barred by a general release. The plaintiff opposed the motion and cross-moved, in effect, to preclude the defendants from asserting an affirmative defense based on the general release. In the order appealed from, the Supreme Court denied the defendants' motion and the plaintiff's cross motion. The plaintiff appeals, and the defendants cross-appeal.

"A release is a contract, and its construction is governed by contract law" (*Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]; *see Rivera v Wyckoff Hgts. Med. Ctr.*, 113 AD3d 667, 670 [2014]). In general, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011] [internal quotation marks omitted]). "A release may be invalidated, however, for any of 'the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake' " (*id.* at 276, quoting *Mangini v McClurg*, 24 NY2d 556, 563 [1969]; *see Shklovskiy v Khan*, 273 AD2d 371, 372 [2000]). Moreover, there is a requirement that a release covering both known and unknown injuries be " 'fairly and knowingly made' " (*Mangini v McClurg*, 24 NY2d at 566, quoting *Farrington v Harlem Sav. Bank*, 280 NY 1, 4 [1939]; *see Powell v Adler*, 128 AD3d 1039, 1040 [2015]).

"A party may move for judgment dismissing one or more

causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of . . . [a] release" (CPLR 3211 [a] [5]). However, a motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint on the basis of a release "should be denied where fraud or duress in the procurement of the release is alleged" (*Farber v Breslin*, 47 AD3d 873, 877 [2008]; *see Warmhold v Zagarino*, 106 AD3d 994, 995 [2013]; *Storman v Storman*, 90 AD3d 895, 898 [2011]; *Steen v Bump*, 233 AD2d 583, 584 [1996]; *see also Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]; *cf. Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]).

Here, in support of their motion to dismiss the complaint, the defendants submitted a general release executed by the plaintiff, which, by its terms, barred the instant action against them (*see Davis v Rochdale Vil., Inc.*, 109 AD3d 867, 867 [2013]). However, the plaintiff's allegations were nevertheless sufficient to support a possible finding that the defendants procured the release by means of fraud and that the release was signed by the plaintiff " 'under circumstances which indicate unfairness' " (*Farber v Breslin*, 47 AD3d at 877, quoting *Gibli v Kadosh*, 279 AD2d 35, 41 [2000]; *see Farrington v Harlem Sav. Bank*, 280 NY at 3-4; *Boxberger v New York, New Haven & Hartford R.R. Co.*, 237 NY 75, 78 [1923]; *Powell v Adler*, 128 AD3d at 1040; *Fuentes v Aluskewicz*, 25 AD3d 727, 728 [2006]; *Scheer v Long Is. R.R. Co.*, 282 App Div 724, 724 [1953]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the release (*see Warmhold v Zagarino*, 106 AD3d at 995; *Storman v Storman*, 90 AD3d at 898).

The Supreme Court also properly denied the plaintiff's cross motion, in effect, to preclude the defendants from asserting an affirmative defense based on the general release. The plaintiff's submissions in support of his cross motion were sufficient to establish, prima facie, that the release was unenforceable due to fraud in the procurement of the release and on the ground that it was not fairly and knowingly made (*see Powell v Adler*, 128 AD3d at 1040; *Fuentes v Aluskewicz*, 25 AD3d at 728; *see also Farrington v Harlem Sav. Bank*, 280 NY at 3-4; *Boxberger v New York, New Haven & Hartford R.R. Co.*, 237 NY at 78; *Scheer v Long Is. R.R. Co.*, 282 App Div at 724). However, in opposition to the plaintiff's prima facie showing, the defendants submitted evidence controverting the plaintiff's account of how the release came to be signed. These submissions raised a triable issue of fact as to whether the release was enforceable.

The plaintiff's remaining contentions either are not properly before this Court or are without merit. Accordingly, the Supreme Court properly denied the plaintiff's cross motion, in effect, to preclude the defendants from asserting an affirmative defense based on the release. As the Supreme Court properly concluded, "a trial on this issue is appropriate" (*Art Stone Theat. Corp. v Technical Programming & Sys. Support of Long Is.*, 157 AD2d 689, 691 [1990]; *see Starr v Johnsen*, 143 AD2d 130, 132-133 [1988]; *Anger v Ford Motor Co., Dealer Dev.*, 80 AD2d 736 [1981]; *Mirabella v Banco Indus. de la Republica Argentina*, 29 AD2d 940, 940-941 [1968]). Austin, J.P., Cohen, Miller and Duffy, JJ., concur.