Sacchetti-Virga v Bonilla (2018 NY Slip Op 01210)





Sacchetti-Virga v Bonilla


2018 NY Slip Op 01210


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-05220
 (Index No. 7980/15)

[*1]Rosemarie Sacchetti-Virga, respondent, 
v
Freddy A. Bonilla, et al., appellants.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellants.
Stephan Persoff, Carle Place, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 7, 2016, which denied their motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On June 15, 2015, the plaintiff allegedly sustained personal injuries as a result of a motor vehicle accident in which her vehicle was struck in the rear by a vehicle owned by the defendant Rosa Bonilla and operated by the defendant Freddy A. Bonilla. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. After issue was joined, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the plaintiff allegedly executed a release of all claims against them arising out of the accident in exchange for a payment of $1,500. In the order appealed from, the Supreme Court denied the defendants' motion. We affirm.
" A release is a contract, and its construction is governed by contract law'" (Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 962, quoting Lee v Boro Realty, LLC, 39 AD3d 715, 716; see Davis v Rochdale Vil., Inc., 109 AD3d 867; Schiller v Guthrie, 102 AD3d 852, 853; Kaminsky v Gamache, 298 AD2d 361, 361). Generally, " a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement, fraudulent concealment, misrepresentation, mutual mistake or duress'" (Orangetown Home Improvements, LLC v Kiernan, 84 AD3d 902, 903, quoting Global Precast, Inc. v Stonewall Contr. Corp., 78 AD3d 432, 432; see Centro Empresarial Cempresa S.A. v América Movíl, S.A.B. de C.V., 17 NY3d 269, 276; Patti Constr. Corp. v 111-16 Atl. Ave. Realty Corp., 119 AD3d 756, 757). Where "the language of a release is clear and unambiguous, the signing of a release is a jural act' binding on the parties" (Booth v 3669 Delaware, 92 NY2d 934, 935, quoting Mangini v McClurg, 24 NY2d 556, 563), and "the intent of the parties must be ascertained from the plain language of the agreement" (Kaminsky v Gamache, 298 AD2d at 361; see Schiller v Guthrie, 102 AD3d at 853-854).
"In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's [*2]allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light" (see Ford v Phillips, 121 AD3d 1232, 1234). "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the cause of action may not be maintained because of . . . [a] release" (CPLR 3211[a][5]). However, a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint on the basis of a release "should be denied where fraud or duress in the procurement of the release is alleged" (Farber v Breslin, 47 AD3d 873, 877; see Warmhold v Zagarino, 106 AD3d 994, 995; Storman v Storman, 90 AD3d 895, 898).
Here, in support of their motion to dismiss the complaint, the defendants submitted an affidavit of their insurance carrier's claims representative and a copy of the release signed by the plaintiff, which, by its terms, barred the instant action against them (see Pacheco v 32-42 55th St. Realty, LLC, 139 AD3d 833, 834; Davis v Rochdale Vil., Inc., 109 AD3d at 867; Schiller v Guthrie, 102 AD3d at 854; Seff v Meltzer, Lippe, Goldstein & Schlissel, P.C., 55 AD3d 592, 593). In opposition, however, the plaintiff's allegations were sufficient to raise a question of fact as to whether the defendants procured the release by fraud, whether the release was signed by the plaintiff under circumstances which indicate unfairness, and whether it was "not fairly and knowingly made" (Pacheco v 32-42 55th St. Realty, LLC, 139 AD3d at 834 [internal quotation marks omitted]; see Warmhold v Zagarino, 106 AD3d at 995; Fuentes v Aluskewicz, 25 AD3d 727, 728).
Accordingly the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court