Herson v Kirschenfeld (2018 NY Slip Op 05580)





Herson v Kirschenfeld


2018 NY Slip Op 05580


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-07784
 (Index No. 600032/16)

[*1]Michelle Herson, appellant, 
v
Evelyn Kalenscher- Kirschenfeld, as president and on behalf of the Board of Managers of High Point at North Hills Condominium II, respondent.


Andrew B. Schultz, Great Neck, NY, for appellant.
Boyd Richards Parker Colonnelli, P.L., New York, NY (Bryan J. Mazzola and Jacqueline L. Aiello of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for economic duress, the plaintiff appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered June 28, 2016. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2015, the plaintiff entered into a contract to sell her condominium unit located within High Point at North Hills Condominium II. After the plaintiff became aware of a possible title defect, she executed a contract with the Board of Managers of High Point at North Hills Condominium II (hereinafter the Board) whereby the Board agreed to the extinguishment of a covenant running with the land upon the plaintiff's payment of the sum of $100,000. The contract with the Board included a provision providing that the plaintiff released and discharged the Board from all claims related to or arising out of the underlying covenant. In January 2016, approximately six months after the sale of the condominium unit, the plaintiff commenced this action against the defendant, Evelyn Kalenscher-Kirschenfeld, as president and on behalf of the Board, inter alia, to recover the $100,000 payment. The defendant moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint as barred by the release and for failure to state a cause of action. The Supreme Court granted the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination that the amended complaint was subject to dismissal pursuant to CPLR 3211(a)(5). Generally, "a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). However, "[a] release may be invalidated . . . for any of the traditional bases for setting aside written agreements'" (id. at 276, quoting Mangini v McClurg, 24 NY2d 556, 563). A signed release shifts the burden to the plaintiff to show that there was fraud, duress, or some other fact that will be sufficient to void the release (see Kulkarni v Arredondo & Co., LLC, 151 AD3d 705, 706; Pacheco v 32-42 55th St. Realty, LLC, 139 AD3d 833, 833; Davis v Rochdale Vil., Inc., 109 AD3d 867, 867).
Here, the defendant established that the terms of the release clearly and unambiguously encompass the causes of action asserted in this action (see Warmhold v Zagarino, 144 AD3d 672, 673; Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC, 106 AD3d 955, 956). In opposition, the plaintiff failed to allege any unlawful or wrongful threat by the Board that could serve as the basis of a claim of duress (see Lopez v Muttana, 144 AD3d 871, 871; Dubi v Skiros Corp., 66 AD3d 954, 954). Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion to dismiss the amended complaint as barred by the release.
In light of our determination, the parties' remaining contentions have been rendered academic.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court