Preston v Creta
2026 NY Slip Op 03991
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nerie Preston, plaintiff, Gary Preston, appellant,
v
Rosette M. Creta, respondent (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-01652, (Index No. 726867/23)
Angela G. Iannacci, J.P.
Linda Christopher
Carl J. Landicino
Phillip Hom, JJ.

The Licatesi Law Group, LLP, Uniondale, NY (Michael A. Licatesi and Joseph Armao of counsel), for appellant.
Law Office of Ferro, Maiorino and Karrmann-Granai, Melville, NY (Beth Goldman Kaplan of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Gary Preston appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered January 9, 2025. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the second cause of action.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the second cause of action is denied.
The plaintiff Gary Preston (hereinafter the plaintiff) was a passenger in a vehicle that was involved in a collision with a vehicle driven by the defendant. The plaintiff was taken by ambulance from the accident scene to a hospital and released the same day. Three days after the accident, he signed a general release, releasing the defendant from any cause of action arising from known and unknown personal injuries, in exchange for the sum of $2,500. Later the same month, the plaintiff had MRIs performed, which allegedly showed serious injuries not diagnosed in the hospital on the day of the accident and which allegedly required surgery.
The plaintiff, among others, commenced the present action, which sought, in the second cause of action, to recover damages for personal injuries sustained by the plaintiff. The defendant moved pursuant to CPLR 3211(a) to dismiss the second cause of action on the basis of the release. By order entered January 9, 2025, the Supreme Court granted the motion. The plaintiff appeals.
While a release ordinarily constitutes a complete bar to an action on a claim covered by the release, such a release may be invalidated "for any of the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake," and additionally, "on the ground that it was not fairly and knowingly made" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1033 [internal quotation marks omitted]; see Sacchetti-Virga v Bonilla, 158 AD3d 783, 784). "This basis for setting aside a release may be applied in situations falling far short of actual fraud, such as when, because the releasor has had little time for investigation or deliberation, or because of the existence of overreaching or unfair circumstances, it [is] deemed inequitable to allow the release to serve as a bar to the claim of an injured party" (Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033-1034 [internal quotation marks omitted]; see Mangini v McClurg, 24 NY2d 556, 567-[*2]568).
Here, in support of her motion, the defendant submitted a copy of a release signed by the plaintiff, which, by its terms, barred this action against the defendant (see Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1034). In opposition, however, the plaintiff's allegations, which are assumed to be true for the purpose of deciding the defendant's motion pursuant to CPLR 3211(a) (see Trepeta v Mobiquity Tech., Inc., 241 AD3d 967, 970), were sufficient to raise questions of fact as to whether the release was signed by the plaintiff under circumstances that indicate unfairness and whether the release was not fairly and knowingly made (see Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033-1034; Sacchetti-Virga v Bonilla, 158 AD3d at 784; Pacheco v 32-42 55th St. Realty, LLC, 139 AD3d 833, 834; Powell v Adler, 128 AD3d 1039, 1041). Specifically, the plaintiff averred that he was contacted multiple times by the defendant's insurer, Government Employees Insurance Company (hereinafter GEICO), beginning the day after the accident and before he obtained the MRIs. According to the plaintiff, GEICO representatives advised him that in order to have his hospital bill paid, he would need to sign paperwork, which would be emailed to him. GEICO sent him the release by email, and he electronically signed it "under the impression that it would allow [his] hospital bill to be paid." The plaintiff believed that the $2,500 he was to receive from GEICO was "related to [his] hospital expenses" and only learned the true extent of the settlement and release when he consulted an attorney shortly thereafter.
Under these circumstances, the Supreme Court should not have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the second cause of action on the basis of the release, as questions of fact existed as to its validity (see Wei Qiang Huang v Llerena-Salazar, 222 AD3d at 1033-1034; Sacchetti-Virga v Bonilla, 158 AD3d at 784; Pacheco v 32-42 55th St. Realty, LLC, 139 AD3d at 834; Powell v Adler, 128 AD3d at 1041).
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court