■ ROGER STEEN, Respondent, v JEFFREY BUMP, Appellant. [649 NYS2d 731] —Casey, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered June 28, 1995 in Tioga County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action to recover upon a promissory note executed by defendant in conjunction with his purchase of a large tract of land from plaintiff. As a defense, defendant relied upon a general release executed by plaintiff as part of the settlement of a prior action whereby plaintiff had sought to recover money owed to him by defendant for construction work which plaintiff had performed at defendant's request. Defendant also interposed a counterclaim to recover the partial payments he had made on the promissory note, claiming, *inter alia*, that he had been subjected to economic duress.

Relying upon the release, defendant moved to dismiss the complaint. Plaintiff cross-moved for summary judgment, claiming that the release was void insofar as the promissory note was concerned because of defendant's fraud and misrepresentations. Supreme Court denied both motions and the matter proceeded to trial. At the close of the proof, Supreme Court dismissed defendant's counterclaims and submitted the question of the validity of the release to the jury. Based upon the court's submission, the jury found that the release had not been obtained through fraud but was a product of defendant's

---

misrepresentations. Judgment was entered in favor of plaintiff for the balance due on the promissory note, resulting in this appeal by defendant.

There is no merit in defendant's contention that plaintiff's complaint should have been dismissed as a matter of law because of the release. Plaintiff's factual allegations of fraud in the procurement of the release were sufficient to defeat defendant's CPLR 3211 motion to dismiss the complaint (*see, Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217; *see also, Bloss v Va'ad Harabonim*, 203 AD2d 36, 37). Equally lacking in merit is plaintiff's claim that a material misrepresentation without fraudulent intent, as found by the jury, is insufficient to vitiate the release. In effect, plaintiff sought equitable rescission of the broadly worded general release insofar as it applied to the promissory note. When a party seeks rescission and not damages on the basis of fraud, proof of scienter is not necessary; even an innocent misrepresentation is sufficient for rescission (*see, D'Angelo v Hastings Oldsmobile*, 89 AD2d 785, *affd* 59 NY2d 773; *Albany Motor Inn & Rest. v Watkins*, 85 AD2d 797, 798, *lv denied* 56 NY2d 508).

On the issue of justifiable reliance, defendant argues that the evidence is insufficient to support a finding in favor of plaintiff. Again, we find no merit in defendant's argument. The jury was properly instructed on the issue and there is ample evidence of plaintiff's justifiable reliance. It is undisputed that during the settlement negotiations prior to the preparation and execution of the release, defendant assured plaintiff that the settlement would have absolutely no effect on the promissory note. Defendant agreed to make a payment in settlement of the prior lawsuit in addition to the payments on the note. According to defendant he did not form the intent to refuse further payment on the note until after plaintiff executed the release. Defendant points out that the broadly worded release was prepared by plaintiff's attorney, but there is evidence in the record to support the conclusion that the attorney was unaware of the existence of the promissory note when he prepared the release because defendant had insisted that plaintiff tell no one about the note. In these circumstances, we see no reason to disturb the jury's verdict in favor of plaintiff. We are also of the view that the undisputed evidence in the record entitles plaintiff to relief from the release as a matter of law on the ground of mutual mistake. Defendant concedes that prior to the execution of the release he intended that the settlement would have no effect on his obligation under the note and he so assured plaintiff, who accepted the assurance. It is clear,

therefore, that the broadly worded release did not represent the "meeting of the minds" of the parties regarding defendant's obligation under the note (see, *Matter of Gould v Board of Educ.*, 81 NY2d 446, 453).

Defendant also contends that Supreme Court erred in failing to submit his counterclaim based upon economic duress to the jury. According to defendant, plaintiff refused to close on the contract for the sale of the large tract of land unless defendant agreed to restructure the payment of the purchase price to include the promissory note. Defendant conceded at trial, however, that he was not ready to close until May 7, 1993 when he received bank approval of financing. The closing took place shortly thereafter. It is clear that plaintiff did not have an obligation to close prior to May 7, 1993 and, therefore, he cannot be guilty of economic duress (see, *805 Third Ave. Co. v M.W. Realty Assocs.*, 58 NY2d 447, 453). In any event, there is no evidence of continuing economic duress which would justify defendant's failure to act promptly to repudiate the note (*cf., Sosnoff v Carter*, 165 AD2d 486, 492). We find no merit in defendant's argument that the note, which was given as part of defendant's payment for plaintiff's land, was not supported by adequate consideration.

The judgment in favor of plaintiff should be affirmed, but there is no basis for plaintiff's request regarding counsel fees.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.