■ WILLIAM C. ALLEN et al., Respondents-Appellants, v GEORGE C. BERGLEITNER, JR., et al., Appellants-Respondents. [679 NYS2d 458] —Peters, J. Cross appeals from an order of the Supreme Court (Mugglin, J.), entered July 17, 1997 in Delaware County, which, *inter alia*, partially denied defendants' cross motion for summary judgment dismissing the complaint.

Defendants William K. Regan and Karen K. Regan, owners of defendant Lyon Mountain Spring Water, Inc., contacted their financial advisor, defendant George C. Bergleitner, Jr., doing business as Stamford Financial, to assist them in finding a purchaser for Lyon Mountain. His efforts produced a foreign investment group, headed by plaintiff William C. Allen (hereinafter Allen). Lyon Mountain was to be sold for the sum of $550,000, from which Bergleitner was to be paid $60,000 for brokering the transaction, Allen and his wife, plaintiff Christine Allen, were to be paid $100,000 in consulting fees, and the Regans were to receive $390,000.

Plaintiffs alleged that in connection with this transaction, they were also to acquire a 36% interest in an entity known as DCC Systems Corporation, a public shell into which Lyon Mountain was to merge to promote a public offering of stock. All shares of DCC Systems were to be canceled, yielding an is-

---

suance of one share in Lyon Mountain for every 10 shares of DCC Systems. Although the sale of Lyon Mountain occurred on August 3, 1994 and its transfer to DCC Systems closed August 4, 1994, it is not apparent whether the proposed merger was ever accomplished.[1]

Allen represented that through his personal business contacts, he would bring additional investors to DCC Systems. Dissatisfied with Allen's efforts, a settlement agreement was reached with respect to the DCC Systems/Lyon Mountain transaction. The hold harmless agreement, dated September 8, 1994, stated in pertinent part that "PLAIN AND SIMPLE: IT IS THE EXPRESS AGREEMENT OF THE PARTIES HERETO THAT NO ONE CAN SUE ANOTHER—individually, collectively, or by assignment, for any of the aforementioned acts occurring prior to the date of this agreement". As herein relevant, it was signed by Allen and Bergleitner. Thereafter, in a document dated September 9, 1994, Allen tendered a written resignation as chair and chief executive officer of Lyon Mountain wherein he acknowledged that he "do[es] not hold any position in the company known as Lyon Mountain * * * or D.C.C. Systems * * * and [is] further * * * owed no money, compensation, or stock". As of the date of both the hold harmless agreement and the resignation, plaintiffs had received $75,000 of their $100,000 consulting fee.

Plaintiffs alleged, by amended complaint, that Bergleitner and Stamford Financial had breached their agreement to pay them the remaining $25,000 of their consulting fee; that Bergleitner breached his agreement to reimburse them for their expenses in connection with the DCC Systems/Lyon Mountain transaction and that the proposed merger of DCC Systems and Lyon Mountain should be prohibited, with defendants directed to transfer 36% of the stock in Lyon Mountain to plaintiffs. After joinder of issue and defendants' successful motion to change venue,[2] plaintiffs cross-moved for a preliminary injunction to, *inter alia*, prohibit the sale of Lyon Mountain shares. Defendants cross-moved for summary judgment or dismissal of the action.

Supreme Court dismissed those causes of action pertaining to the amount still owed on the consulting fee as well as that alleging a failure to reimburse expenses in connection with the

1. Documents reflect that DCC Systems was referred to as DCC Acquisition Corporation and that when it was discovered that DCC Acquisition did not exist, a new deed was recorded in the name of DCC Systems. An issue remains as to whether the misnomer was inadvertent.

2. Although originally commenced in Queens County, venue was ultimately changed to Delaware County.

DCC Systems/Lyon Mountain transaction as being barred by the release. However, it found genuine issues of material fact concerning an outstanding agreement to tender shares of the newly merged corporate stock to plaintiffs as those claims were not barred by the provisions of the release. The court also denied plaintiffs' cross motion for a preliminary injunction.

Defendants appeal from the denial of their cross motion for summary judgment pertaining to Karen Regan on the first and second causes of action[3] and as to all defendants on the third cause of action. Plaintiffs cross-appeal from the partial dismissal of their complaint and the denial of their motion for a preliminary injunction.

Our review of the clear and unambiguous provisions of the hold harmless agreement, as well as the allegations of the amended complaint detailing that the alleged breach of the agreement occurred prior to the date of the release, reveals no basis to set aside such a " 'jural act of high significance' " (*K3 Equip. Corp. v Kintner*, 233 AD2d 556, 557, quoting *Mangini v McClurg*, 24 NY2d 556, 563; *see, Stone v National Bank & Trust Co.*, 188 AD2d 865). While we acknowledge that allegations of fraud or duress in the procurement of a release are sufficient to deny a motion of this type (*see, Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211; *Steen v Bump*, 233 AD2d 583, *lv denied* 89 NY2d 808), allegations to support this newly propounded defense are noticeably absent in both the original and amended complaint or in the Allens' affidavits. Hence, in our view, Supreme Court properly found defendants to have sustained their burden to support the award of summary judgment dismissing the first and second causes of action (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853) against all defendants, including Karen Regan.

Addressing the viability of the third cause of action, contending that there was a breach of the agreement to tender shares of the newly merged company, we conclude that in the absence of any written memoranda so memorializing this agreement, it must be dismissed as violative of the Statute of Frauds (*see*, UCC 8-319; *see also, Burnside & Co. v Havener Sec. Corp.*, 25 AD2d 373). Moreover, such assertions are belied by the language of Allen's resignation, which declares that he is not owed any "money, compensation or stock" in connection with Lyon Mountain or DCC Systems. Accordingly, we find no basis upon which the third cause of action should have survived. Finally, upon the reasons detailed by Supreme Court, we find

---

**3.** It should be noted that the complaint failed to allege that Karen Regan was liable under either the first or second causes of action.

no abuse of discretion in the denial of plaintiffs' cross motion for a preliminary injunction.

Accordingly, we hereby modify Supreme Court's order by granting summary judgment to Karen Regan on the first and second causes of action and dismissing the third cause of its entirety.

Mercure, J. P., White, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied the cross motion with respect to defendant Karen K. Regan on the first and second causes of action and with respect to all defendants on the third cause of action; cross motion granted to that extent and summary judgment awarded to defendants dismissing said causes of action; and, as so modified, affirmed.