■ INTEGRATED BOOK TECHNOLOGY, INC., Respondent, v T/R SYSTEMS, INC., et al., Appellants. [770 NYS2d 186]—

Carpinello, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 8, 2003 in Rensselaer County, which denied defendants' motions to dismiss the complaint.

This action stems from plaintiff's August 2000 purchase of a digital printing system from defendant T/R Systems, Inc. Defendant Central Business Equipment, Inc., an authorized local representative of T/R Systems, facilitated the purchase, arranged financing with a third-party lessor and also agreed to maintain and service the system for a specified time and fee. Plaintiff purchased the system based upon assurances that it would meet certain specifications. The system consisted of three components, namely, a printer, a scanner and integrating software.

Plaintiff began experiencing various problems with the system shortly after its installation resulting in frequent service calls and downtime. According to plaintiff, because the system was not functioning as warranted, it stopped making lease payments to the third-party lessor. This ultimately led to a $6,398.30 late payment penalty, which T/R Systems agreed to pay in exchange for a release. The executed release states, in pertinent part, that "[i]n recognition of the downtime and integration difficulties incurred with your T/R Systems' *MicroPress* since installation in September 2000, T/R Systems, Inc. agrees to pay the sum of $6398.30 to [plaintiff]." It further provides that "[y]our acceptance constitutes agreement that the *MicroPress* is working as specified by [plaintiff] and represented by T/R Systems when originally purchased, and releases T/R Systems and Central Business Equipment from all claims, current and future, regarding this issue."

The precise legal issue on appeal is whether this release bars the instant action seeking rescission of the purchase and damages for breach of contract and warranties. Supreme Court denied defense motions to dismiss the complaint pursuant to CPLR 3211 (a) (5) finding questions of fact concerning the scope of the release, as well as questions of fact concerning the existence of postrelease guarantees and commitments made by defendants. Defendants appeal, and we now affirm.

The primary dispute between the parties can be stated quite simply. Defendants claim that the release clearly and unambiguously bars *all* claims whatsoever concerning the "MicroPress" and that this term encompasses the *entire* system purchased by plaintiff (i.e., all three components). While plaintiff does not

dispute that the release bars claims concerning the MicroPress, it claims that this term refers only to one component of the system (i.e., the integrating software). Resolution of this dispute comes down to whether the release defines the term MicroPress so as to clearly and unambiguously express an intention on the part of plaintiff to renounce all current and future claims against defendants concerning the entire system. We conclude that an ambiguity does exist.

Notably, MicroPress is not specifically defined in the release itself. Moreover, the language therein suggests that the MicroPress is but *one* component of the system purchased by plaintiff. To this end, we note that a presale document drafted by T/R Systems defines each of the components of the system separately and references only the integrating software as the MicroPress.* Thus, despite evidence that the parties may have generally referred to the entire system at times as the Micro-Press, the record supports the conclusion that the release relied upon by defendants as a complete defense to this action may not have been intended to embrace all claims now being asserted (*see Apollo Steel Corp. v Sicolo & Massaro,* 300 AD2d 1021, 1021-1022 [2002]; *Senate Ins. Co. v Ezick,* 279 AD2d 746, 748-749 [2001]; *Green v Lake Placid 1980 Olympic Games,* 147 AD2d 860, 861-862 [1989]; *Perritano v Town of Mamaroneck,* 126 AD2d 623, 623-624 [1987]). This being the case, dismissal was not warranted.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

* In this document, the components were referenced in the following manner: the printer was referred to as the "Hitachi 70ppm Printer" or "The T/R Systems PrintStation 070"; the scanner was referred to as the "Fujitsu Scanner" and the integrating software was referred to as the "TR Micro Press Software" or simply the "MicroPress."