*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                    517621
_____

JUSTIN W. FORD,
                    Appellant,

           v                              MEMORANDUM AND ORDER

RYEN D. PHILLIPS et al.,
                    Respondents.
_____

Calendar Date:   September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                    _____


       Horigan, Horigan & Lombardo, PC, Amsterdam (Peter M.
Califano of counsel), for appellant.

       Law Offices of Theresa J. Puleo, Albany (Norah M. Murphy of
counsel), for respondents.

                    _____


Garry, J.

       Appeal from an order of the Supreme Court (Clark, J.),
entered July 23, 2013 in Washington County, which granted
defendants' motion to dismiss the complaint.

       In June 2012, plaintiff was operating a vehicle in the Town
of Argyle, Washington County, when he was involved in an accident
with a vehicle owned by defendant Paula E. Phillips, operated by
defendant Ryen D. Phillips, and insured by Travelers Insurance
Company.  Shortly after the accident, plaintiff met with a
Travelers claims representative and executed a general release of
all claims in favor of defendants and Travelers, in exchange for

a payment of $750.[1]  Six months later, plaintiff commenced this negligence action against defendants seeking damages for serious injuries allegedly caused by the accident.  Prior to joinder of issue, defendants moved to dismiss the complaint based upon the release (see CPLR 3211 [a] [5]).  Supreme Court granted the motion, and plaintiff appeals.

Defendants met their initial burden of establishing that they had been released from plaintiff's claims by submitting the signed release.  Contrary to plaintiff's contention, no affirmation from a party with personal knowledge was required to authenticate the release; plaintiff admits that he signed the document, and its facially valid terms establish that he released all personal injury claims against defendants arising out of the June 2012 accident.  Accordingly, the burden shifted to plaintiff to establish the existence of issues of fact as to whether the release bars this action (see Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]; Nelson v Lattner Enters. of N.Y., 108 AD3d 970, 972 [2013]).  Notably, plaintiff has not moved to set the release aside and does not yet request such relief as a matter of law; instead, he merely seeks to avoid pre-answer dismissal of the complaint and to defer the determination whether the release bars the action until after the factual record pertaining to his claims of fraud and mutual mistake has been developed through discovery.

Plaintiff submitted an affidavit asserting that a claims representative for Travelers contacted him shortly after the accident to arrange a meeting at plaintiff's home.  During this meeting, the representative allegedly induced plaintiff to sign the release by assuring him that he had suffered only "soft tissue injuries" that would heal over time and that Travelers would "take care of [plaintiff]" if his injuries turned out to be "something serious."  Plaintiff asserts that the representative stated that Travelers was an "up-and-up company" that "doesn't play games," that New York law required the company to take care

_____

[1]  Travelers made a separate property damage payment to the nonparty owner of the vehicle that plaintiff was operating, which was assessed as a total loss.

of "any permanent injury," and that Travelers had recently paid $20,000 to another injured party who had undergone surgery after signing a release. Finally, plaintiff claims that the representative told him that the $750 payment represented interim reimbursement for time and fuel expenses related to medical appointments, rather than a final settlement. Plaintiff asserts that he read the release but did not understand its significance because he had never been involved in a personal injury automobile accident before, and that he relied upon the representative's alleged statements in executing the release. He further asserts that he suffered herniated disks as a result of the accident, and is now advised that surgical correction is required.

In reply, defendants submitted an affidavit from the claims representative, denying that he represented to plaintiff that the $750 payment represented anything other than a full settlement of his claims, or that the settlement could be altered after the release was signed. The representative described two telephone conversations and one face-to-face meeting with plaintiff in which the only injuries that plaintiff reported were "soreness in his arms" and "muscle pain in his forearms," for which he was being treated by his primary care physician. The representative further averred that when plaintiff met with him to sign the release, he stated "that his arms were feeling better" and that he had returned to work. The affidavit includes no claim that plaintiff mentioned that he had suffered injury to his neck or back, nor does it state that the parties intended the release to cover other injuries.

In resolving a motion for dismissal pursuant to CPLR 3211 (a) (5), the plaintiff's allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light (see Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]; Enock v National Westminster Bankcorp,

226 AD2d 235, 236 [1996]).[2]  The signing of a clear and unambiguous release is a significant legal act that ordinarily binds the parties (see e.g. Booth v 3669 Delaware, 92 NY2d 934, 935 [1998]).  Nevertheless, a release must be "'fairly and knowingly made'" and thus, like any other contract, may be set aside on the basis of fraud or mutual mistake (Mangini v McClurg, 24 NY2d 556, 566 [1969], quoting Farrington v Harlem Sav. Bank, 280 NY 1, 4 [1939]; see Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V., 17 NY3d at 276; Lodhi v Stewart's Shops Corp., 52 AD3d 1084, 1085 [2008]).  In the context of mistakes pertaining to personal injuries, a sharp distinction is drawn between unknown injuries and mistakes as to the consequences of known injuries; a release may be invalidated if the parties mistakenly believed that an injury did not exist when the release was executed, but will not be set aside for a mistake pertaining to the "future course[] or sequelae of a known injury" (Mangini v McClurg, 24 NY2d at 564; see Hayes v Lipinski, 239 AD2d 835, 835 [1997]; Carola v NKO Contr. Corp., 205 AD2d 931, 932 [1994]).  Treating plaintiff's claims as true and allowing him the benefit of every favorable inference, this record does not establish as a matter of law that either party knew of plaintiff's cervical injury or alleged herniated disks when he signed the release.  It is quite unclear whether there was a mutual mistake as to the true nature of plaintiff's injuries at the time of the execution of the release, and what injuries the release was to cover; resolution of this issue as a matter of law and dismissal of the complaint was thus premature (see Matter of Walker, 117 AD3d 838, 839 [2014]; Integrated Book Tech. v T/R Sys., 2 AD3d 1193, 1195 [2003]; compare Haynes v Garez, 304 AD2d 714, 715-716 [2003]; Pressley v Rochester City School Dist., 234 AD2d 998, 998 [1996]; Horn v Timmons, 180 AD2d 717, 718 [1992]).

---

    [2]  Defendants assert on appeal that plaintiff's affidavit constitutes inadmissible hearsay and that, in the absence of independent medical proof, he has not proven that he sustained herniated disks or any other injury to his back or neck.  These arguments, however, are based upon burdens of proof and evidentiary standards applicable to motions for summary judgment that do not pertain to this CPLR 3211 motion.

As to the fraudulent inducement claim, a motion to dismiss a complaint based solely upon a release should be denied when the plaintiff alleges fraud or duress in the release's procurement (see Newin Corp. v Hartford Acc. & Indem. Co., 37 NY2d 211, 217 [1975]; Steen v Bump, 233 AD2d 583, 584 [1996], lv denied 89 NY2d 808 [1997]; see also Warmhold v Zagarino, 106 AD3d 994, 995 [2013]; Bloss v Va'ad Harabonim of Riverdale, 203 AD2d 36, 37 [1994]).  Although defendants contend that plaintiff — who acknowledged that he read the release — will ultimately be unable to prove his claim that he justifiably relied upon the representative's alleged statements, "[t]he question of what constitutes reasonable reliance is always nettlesome because it is so fact-intensive" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155 [2010] [internal quotation marks and citation omitted]).  Plaintiff's claims — which, as previously noted, are treated as true for the purpose of this motion — are sufficiently detailed and specific to allege the elements of fraud (see Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V., 17 NY3d at 276).  As they support a possible finding that the release was obtained "under circumstances which indicate unfairness," the complaint should not have been dismissed at this juncture (Gibli v Kadosh, 279 AD2d 35, 41 [2000] [internal quotation marks and citation omitted]; see Steen v Bump, 233 AD2d at 584; Anger v Ford Motor Co., Dealer Dev., 80 AD2d 736, 736 [1981]).

Peters, P.J., Stein, Lynch and Devine, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, motion denied, and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of the date of this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court