Fimbel v Vasquez (2018 NY Slip Op 05001)





Fimbel v Vasquez


2018 NY Slip Op 05001


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

525762

[*1]LOIS FIMBEL, Appellant,
v
JORGE VASQUEZ et al., Respondents.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Sobo & Sobo, LLP, Middletown (Courtney J. Campbell of counsel), for appellant.
Burke Scolamiero & Hurd, LLP, Albany (George J. Hoffman Jr. of counsel), for respondents.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered June 5, 2017 in Ulster County, which granted defendants' motion to dismiss the complaint.
On January 2, 2014, plaintiff was a passenger in a 2003 Subaru driven by defendant Jorge Vasquez, her boyfriend, when it slid off of Route 17K in the Town of Montgomery, Orange County, overturned and hit a tree. When plaintiff was treated for her injuries at a local hospital, X rays revealed the existence of rib fractures and a knee effusion, but did not show any acute fractures of her left leg [FN1]. Eight days after the accident, while plaintiff was still on pain medication, an insurance adjuster employed by defendants Progressive Corporation and Progressive Casualty Insurance Company met with plaintiff at the home that she shared with Vasquez. After engaging in a discussion with the adjuster about her injuries, plaintiff executed a release of all claims against defendants in exchange for a payment of $2,500. Three days after signing the release, plaintiff underwent an X ray of her left leg, which showed a fracture to her fibula.
In December 2016, plaintiff commenced this action seeking damages for an alleged serious injury. The complaint asserted a claim of negligence against Vasquez, alleged that [*2]Progressive Corporation and Progressive Casualty Insurance Company fraudulently induced plaintiff into executing a release exculpating them from liability and asserted violations of Judiciary Law § 478 and General Business Law § 349. Prior to joining issue, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), with all three grounds being based upon the release. Plaintiff opposed the motion, contending, among other things, that the release was procured by fraud, misrepresentation, unfairness and mutual mistake. Supreme Court granted the motion and dismissed the complaint. Plaintiff now appeals.
We reverse. Although "[t]he signing of a clear and unambiguous release is a significant legal act that ordinarily binds the parties" (Ford v Phillips, 121 AD3d 1232, 1234 [2014]; see Booth v 3669 Delaware, 92 NY2d 934, 935 [1998]), as with any contract, it must be "fairly and knowingly made and thus . . . may be set aside on the basis of fraud or mutual mistake" (Ford v Phillips, 121 AD3d at 1234 [internal quotation marks and citations omitted]; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]). With respect to mistakes regarding personal injuries, a "distinction is drawn between unknown injuries and mistakes as to the consequences of known injuries; a release may be invalidated if the parties mistakenly believed that an injury did not exist when it was executed, but will not be set aside for a mistake pertaining to the 'future course . . . or sequelae of a known injury'" (Ford v Phillips, 121 AD3d at 1235, quoting Mangini v McClurg, 24 NY2d 556, 564 [1969]).
While Supreme Court did not explicitly cite to CPLR 3211 (a) (5) in support of its determination, it is apparent from the order that it relied upon the release as the sole basis of dismissal and, accordingly, we construe the dismissal as being pursuant to CPLR 3211 (a) (5). In assessing a motion to dismiss on the ground that an action may not be maintained because of a release (see CPLR 3211 [a] [5]), the allegations in the complaint "are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in [the plaintiff's] favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light" (Ford v Phillips, 121 AD3d at 1234).
Here, defendants set forth evidence that they are released from any claims arising out of the incident by submitting the release and an affidavit from the insurance adjuster who obtained it. However, plaintiff submitted an affidavit averring, among other things, that doctors at the hospital where she was treated for her injuries told her that she had rib fractures, but informed her that she did not have a leg fracture — a claim that is supported by the medical evidence submitted in conjunction with her opposition papers. Plaintiff alleges that she received a call from an insurance adjuster after the accident, who asked to meet with Vasquez regarding damage to his vehicle. According to plaintiff, the insurance adjuster came to the residence that she shared with Vasquez eight days after the accident and unexpectedly started asking questions about her injuries. Plaintiff alleges that she was under the influence of oxycodone and tramadol at this time and that she told the insurance adjuster that she had pain in her leg. The adjuster allegedly responded that the pain was "probably just [a] bruise" that would resolve in a matter of days. Furthermore, plaintiff alleges that the adjuster gave her legal advice about recovery for her injuries by telling her that, because she only had bruising and a fractured rib, her injuries did not qualify as serious injuries under New York law and that $2,500 was a "very good deal." Plaintiff asserts that the adjuster told her that she was unlikely to receive a more favorable outcome if she pursued a claim in court and that, if she wanted to receive coverage for her medical expenses, she would have to sign a release. Plaintiff maintains that she signed the release for this purpose. The medical records that plaintiff submitted with her opposition papers demonstrate that, three days after signing the release, she was diagnosed with a fractured fibula.
While we make no determination as to the validity of the release or whether plaintiff may ultimately succeed in setting it aside at a later juncture due to the circumstances in which it was obtained, she has sufficiently alleged facts indicating that the parties were operating under a mutual mistake with respect to the fibula fracture at the time that the release was executed (see Ford v Phillips, 121 AD3d at 1234; Haynes v Garez, 304 AD2d 714, 715 [2003]; compare Lodhi v Stewart's Shops Corp., 52 AD3d 1084, 1085 [2008]). Likewise, plaintiff sufficiently alleged a cognizable claim of fraudulent inducement in the procurement of the release, which constitutes a basis to deny the motion at this pre-answer phase (see Newin Corp. v Hartford Acc. & Indemn. Co., 37 NY2d 211, 217 [1975]; Pacheco v 32-42 55th St. Realty, LLC, 139 AD3d 833, 834 [2016]; Ford v Phillips, 121 AD3d at 1235; Farber v Breslin, 47 AD3d 873, 877 [2008]). Accordingly, defendants did not establish as a matter of law that they are entitled to dismissal of the complaint due to the release, and dismissal on this ground was premature.
Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court to permit defendants to serve an answer within 20 days of this Court's decision.



Footnotes

Footnote 1:Plaintiff did, however, have a preexisting fracture to her left foot.