| Germain v Deuel |
|:---:|
| 2025 NY Slip Op 34615(U) |
| December 18, 2025 |
| Supreme Court, Broome County |
| Docket Number: Index No. EFCA2024002767 |
| Judge: Eugene D. Faughnan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York, on the
24th day of October 2025.

PRESENT:   HON. EUGENE D. FAUGHNAN
           Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME
_____

ETIENNE GERMAIN,

                          Plaintiff,

vs.                                          DECISION AND ORDER

                                             Index No.: EFCA2024002767

HEATHER G. DEUEL,

                          Defendants.
_____

APPEARANCES:

Counsel for Plaintiff:            LAW OFFICE OF RONALD R. BENJAMIN
                                  By: Ronald R. Benjamin, Esq.
                                  126 Riverside Dr., P.O. Box 607
                                  Binghamton, NY 13902-0607

Counsel for Defendant:            RIVKIN RADLER LLP
                                  By: Joseph T. Pidel, Esq.
                                  66 Pearl Street, 11th Floor
                                  Albany, NY 12207

<u>**EUGENE D. FAUGHNAN, J.S.C.**</u>

This matter is before the Court upon the motion of Defendant Heather G. Deuel ("Deuel") to dismiss the Complaint of Plaintiff Etienne Germain (Plaintiff or "Germain") pursuant to CPLR 3211(a). Plaintiff filed opposition papers, and then Defendant filed a Reply Affirmation and Memorandum in Reply. Oral argument was held on October 24, 2025, and only Plaintiff's counsel was present. After due deliberation, this Decision and Order constitutes the determination of this Court.[1]

## BACKGROUND FACTS

Plaintiff and Defendant were involved in a motor vehicle accident on September 27, 2023 on Conklin Ave in the City of Binghamton. The police accident report indicates that Defendant's vehicle rear ended Plaintiff's vehicle.

Plaintiff filed a Summons and Complaint on October 7, 2024 for personal injuries, including a torn rotator cuff in his right shoulder, which required surgery. Defendant filed an Answer with Affirmative Defenses on January 30, 2025.

Defendant filed the instant motion to dismiss on September 5, 2025, on the basis of CPLR 3211(a). In the Memorandum of Law filed with the motion, Defendant specified that the motion is made under CPLR 3211(a)(1) and (5). Defendant also submitted an affidavit of Margaret Boeselager, a claim specialist with State Farm Mutual Insurance Company ("State Farm"), which provided automobile insurance to Defendant. Ms. Boeselager stated that she spoke with Germain the day after the accident and made an offer to him to settle all claims for $4,000, which was accepted. A release was emailed to Germain, which was executed by Germain with an E-signature. The check for $4,000 was mailed to Plaintiff.

A copy of the release was included with Defendant's motion. Among other things, the release states that that Plaintiff "fully and forever release[s] and discharge[s] Defendant . . . from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries known and unknown, which have resulted

---

[1] The Court has considered all the papers filed in support and opposition to the motion, as well as all the other documents contained in the electronic case file.

2

or may in the future develop from an incident on or about the 27th day of SEPTEMBER, 2023, at or near Conklin Ave, Binghamton, NY."

Defendant's motion also attached an Attorney Affirmation of Joseph T. Pidel, which stated that Defendant was seeking to enforce the release. Defendant's Memorandum of Law acknowledged that Plaintiff has not cashed the Settlement Check (NYSECF Doc. No 13 at p.2), but Defendant still seeks to enforce the settlement and release.

In opposition, Plaintiff submitted his own affidavit and a Memorandum of Law. Plaintiff concedes that he was contacted by State Farm after the accident, and a settlement offer of $4,000 was extended, but he denies accepting that settlement. He told the adjuster he wanted to contact an attorney. Therefore, he claims he did not agree to settle his claim for $4,000 and did not sign the release electronically because he does not know how to do that. He further alleges that he is from Haiti and has some difficulties understanding some English, which may have contributed to confusion regarding settlement. Plaintiff states he reviewed the release and the signature on that document was not his and even misspelled his own name.

## LEGAL DISCUSSION AND ANALYSIS

"In the context of a CPLR 3211 motion to dismiss, the pleadings are necessarily afforded a liberal construction" *Goshen v. Mutual Life Ins. Co.*, 98 NY2d 314, 326 (2002), *see Leon v. Martinez*, 84 NY2d 83, 88 (1994). The Court must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" *Goldman v. Metropolitan Life Ins.*, 5 NY3d 561, 570-571 (2005); *see Leon v. Martinez, supra.* The "ultimate criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" *Schmidt & Schmidt, Inc. v. Town of Charlton*, 68 AD3d 1314, 1315 (3rd Dept. 2009) (*quoting Leon v. Martinez*, 84 NY2d 83, 88).

Defendant's argument for dismissal is based on the release. To the extent that Defendant references documentary evidence in its motion, it appears to be based on the premise that the release is documentary evidence under CPLR 3211(a)(1).

To prevail on a motion to dismiss pursuant to CPLR 3211(a)(1), the movant must demonstrate that "the documentary evidence utterly refutes plaintiff's factual allegations,

3

conclusively establishing a defense as a matter of law" *R.I. Is. House, LLC v. North Town Phase II Houses, Inc.*, 51 AD3d 890, 893 (2nd Dept. 2008), *quoting Goshen v. Mutual Life Ins. Co.*, 98 NY2d at 326; *see HSBC Bank USA, N.A. v. Decaudin*, 49 AD3d 694, 695 (2008); *Kolchins v. Evolution Mkts., Inc.*, 31 NY3d 100 (2018); *see, Fontanetta v. John Doe 1*, 73 AD3d 78 (2nd Dept. 2010); *see also, Leon v. Martinez, supra* at 88. "Materials that clearly qualify as documentary evidence include documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" *Ganje v. Yusuf,* 133 AD3d 954, 956-957 (3rd Dept. 2015); *citing Midorimatsu, Inc. v. Hui Fat Co.*, 99 AD3d 680, 682 (3rd Dept. 2012), *lv dismissed* 22 NY3d 1036 (2013) (internal quotation marks and citations omitted).

Assuming, without deciding, that a release, and in particular, this release, could be documentary evidence, the real issue is the validity and effect of the release presented by the Defendant. A party can move for judgment dismissing a case on the basis that "the cause of action may not be maintained because of … release" CPLR 3211 (a)(5). Defendant argues that the release was signed by Germain and manifests an intention and binding agreement to resolve the case.

"In resolving a motion for dismissal pursuant to CPLR 3211 (a) (5), the plaintiff's allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where, as here, the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light" *Ford v. Phillips*, 121 AD3d 1232, 1234 (3rd Dept. 2014). Here, Plaintiff stated in his affidavit that he did not agree to settle his case for $4,000 and told the insurance company that he wanted to speak with an attorney. He also denied he signed the release and could not have done it electronically because he does not know how to do so. He also references a language barrier, which could potentially give rise to a claim of fraud, duress or mutual mistake, although such an argument is not clearly articulated by Plaintiff.

While Defendant does make arguments that the evidence shows Plaintiff responded to the email offer, and accepted it by electronically signing the release, there has been no discovery conducted in this case. Given Plaintiff's allegations, discovery is needed to determine what transpired regarding the release and "resolution of this issue as a matter of law and dismissal of the complaint [would be] premature. *Id.* at 1235.

4

## CONCLUSION

Based on the foregoing, the Court concludes that it cannot make a determination based on the current evidence concerning the validity of the purported release.

Accordingly, it is hereby

ORDERED, that Defendant's motion to dismiss is DENIED.

This constitutes the Decision and Order of this Court.

ENTER:

Dated:      December  18  , 2025
             Binghamton, New York

                                  HON. EUGENE D. FAUGHNAN
                                  Supreme Court Justice